# LANI ADLER PARTNERS

(646) 732-3260 ♦ ladler@laniadlerpartners.com

**By ECF**                                                                                                    April 4, 2022

Honorable Jesse M. Furman, United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007
Furman_NYSDChambers@nysd.uscourts.gov

Honorable Mary Kay Vyskocil, United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007
VyskocilNYSDChambers@nysd.uscourts.gov

Re:   *Stephanie Clifford A.K.A. Stormy Daniels, and Stormy Entertainment, Inc. v. Lucas Janklow and Janklow Partners, LLC d/b/a Janklow & Nesbit Associates,* Case No. 1:22-cv-01259-MKV

Dear Judge Furman and Judge Vyskocil:

This firm has been retained to represent the defendants in the above-captioned case, for which the summonses were issued on February 17, 2022 and which was assigned to Judge Vyskocil.  A copy of the Complaint is attached as Exhibit A to this letter.  Plaintiffs purported to effectuate service by delivery of the summons and complaint to Defendants' corporate office by Federal Express on March 17, 2022.

Subject to my clients' reservation of all rights, including but not limited to those with respect to this Court's subject matter jurisdiction, I write, pursuant to Local Civil Rule 1.6(a) to bring to the attention of both Your Honors the facts that warrant re-assignment of this case to Judge Furman, in order to avoid unnecessary duplication of judicial effort.  In late January and February of this year, Judge Furman presided over the criminal trial in *United States v. Michael Avenatti,* Case No.19-CR-374 (JMF), at which the underlying critical and dispositive issues in the above-captioned civil case were adjudicated.  Clark Brewster, one of Ms. Clifford's attorneys in the instant civil case, attended at least a portion of the Avenatti criminal trial.

The plaintiffs in this civil action are Stephanie Clifford, also known as Stormy Daniels, and Stormy Entertainment, Inc., a company incorporated in California of which Ms. Clifford is the president and only officer.  Both Ms. Clifford and Luke Janklow, who is one of the named defendants in the civil action, testified at the criminal trial of Michael Avenatti, Ms. Clifford's former attorney.  In Judge Furman's words, "[o]n February 4, 2022, after an eight-day trial, a jury found Defendant Michael Avenatti guilty of wire fraud and aggravated identity theft in connection with a scheme to defraud his former client, Stephanie Clifford (also known as Stormy Daniels), of money that she was supposed to receive in connection with a book contract." Judge Furman's Opinion and Order, Case No. 1:19-cr-00374-jmf, ECF No. 421, filed Feb. 15, 2021 (copy attached as Exhibit B hereto).

Honorable Jesse M. Furman
Honorable Mary Kay Vyskocil
April 4, 2022

The book was authored by Ms. Clifford. The publishing agreement or book contract was negotiated by Mr. Janklow in his role as a literary agent at Janklow & Nesbit Associates ("JNA"), pursuant to an agency agreement dated April 13, 2018 entered into between "Stormy Entertainment, Inc., c/o Michael Avenatti, Eagan Avenatti, LLP," and Janklow & Nesbit Associates. In the instant civil action, Plaintiffs Ms. Clifford and Stormy Entertainment, Inc. sue to recover the payment that the jury in the criminal case determined that Michael Avenatti misappropriated to himself by sending JNA a written document, containing Ms. Daniels' forged signature, which instructed JNA to make payment of the book contract monies to a different account, which unbeknownst to Ms. Clifford or to Defendants, Avenatti controlled.

Pursuant to Judge Vyskocil's Individual Rules of Practice in Civil cases, I also write to request a pre-motion conference in advance of filing a motion to dismiss on behalf of Defendants. While Judge Furman does not require a pre-motion conference in advance of filing a motion to dismiss, in view of the critical legal and factual overlap between the issues resolved in the Avenatti criminal trial and those that will, in Defendants' view, be dispositive in Defendants' anticipated motion to dismiss Ms. Clifford's civil case, which are briefly described below, the immediate question – of whether the Clifford civil case against the Defendants for failing to make the payment to Ms. Clifford that Defendants made to the bank account Avenatti instructed them to use, and for which Avenatti provided an authorization containing Ms. Clifford's forged signature – should be re-assigned from Judge Vyskocil to Judge Furman, in the service of avoiding unnecessary duplication of judicial effort, is likely informed by consideration of the arguments Defendants anticipate making in the motion to dismiss.

The Issues Adjudicated in the Avenatti Criminal Trial

In the criminal trial, in which Avenatti was convicted of aggravated identity theft and wire fraud, the jury determined that Mr. Avenatti took for himself one of the payments that was to be made to Ms. Clifford under the book contract (the same payment Ms. Clifford seeks to recover from Defendants in the instant civil case) by sending the defendants a document on which Ms. Clifford's name had been forged (at Avenatti's direction), which instructed JNA to send the book contract payments due then and afterward to a different bank account that neither Ms. Clifford nor Defendants knew at the time was controlled by Mr. Avenatti. The evidence at the criminal trial established that Defendants timely sent that payment to this bank account in accordance with the forged document, since Defendants did not know that Avenatti's instruction to them to send the money to this bank account was prepared by Mr. Avenatti without Ms. Clifford's authorization and that Ms. Clifford did not receive the money. Avenatti represented Ms. Clifford and Stormy Entertainment, Inc. at the time.

Judge Furman determined that "the evidence that [Avenatti] engaged in a scheme to defraud was overwhelming and largely undisputed," Ex. B at 2. He found that "evidence of Avenatti's guilt was overwhelming and largely undisputed. It showed that Avenatti forged Ms. Clifford's signature on a document diverting book proceeds to an account controlled by him; that, after the funds were wired to that account, Avenatti converted most, if not all, of the proceeds to his own personal use or his firm's use; and that he repeatedly lied to Ms. Clifford, orally *and* in writing, claiming that the money – money he had received and already spent – had

not yet been paid." *Id.* at 28-29 (emphasis in original; citations to trial transcript and exhibits omitted); Ex. B.

<u>Ms. Clifford's Claims for Breach of Contract, Breach of Fiduciary Duty and Fraudulent Concealment against Defendants in the Instant Civil Case Based on Their Alleged Failure to Make the Payment to Her That Avenatti Told Them to Make to a Bank Account for Which Avenatti Forged Ms. Clifford's Authorization</u>

In the instant civil case, Ms. Clifford and her company have sued Defendants for the exact amount of the book payment, $175,000, that Ms. Clifford later learned was sent to this bank account for which Mr. Avenatti sent JNA the forged authorization, which payment Ms. Clifford and Defendants, later learned, was received by Mr. Avenatti, who – as determined by the criminal jury – did not turn the payment over to Ms. Clifford. The Clifford civil complaint purports to state claims against Defendants for breach of contract "by failing to promptly remit to Plaintiff the balance of the [book payment proceeds] to her and instead redirected the amounts to a third party, Michael Avenatti, without her knowledge or consent," Compl. ¶58; for breach of fiduciary duty based on the same allegations; and for fraudulent concealment, based on the same allegations and seeking effectively the same relief. Id. ¶¶ 71-73. *See* Ex. A.

As adjudicated at the Avenatti criminal trial before Judge Furman, it is undisputed that Defendants timely forwarded each of the book contract payments to be made to Stormy Entertainment, Inc., to the account they believed, and which Mr. Avenatti led them to believe, was that of Ms. Clifford, including the payment for which Ms. Clifford seeks recovery in the instant civil case. Nor is there any dispute that Defendants did, and were entitled to, rely on the directions of Mr. Avenatti, who during the time when Defendants made the book contract payments to Ms. Clifford's account or to the account Mr. Avenatti represented was Ms. Clifford's account, was then Ms. Clifford's attorney. Indeed, the literary agency agreement was between JNA and "Stormy Entertainment, Inc. c/o Michael J. Avenatti, Esq., Eagan Avenatti, LLP," and appears to have been signed by Ms. Clifford on behalf of Stormy Entertainment, Inc. That agency agreement provides that JNA "shall promptly remit to you the balance of the" book payment proceeds (after deduction of JNA's commission). "You" in this agency agreement is denominated as "Stormy Entertainment, Inc. c/o Michael J. Avenatti, Esq." The evidence at the Avenatti criminal trial established that Defendants did not know that Avenatti had told Ms. Clifford that the publisher had not made the payment at issue though the publisher in fact had timely made the payment at issue, and JNA, upon receipt of it, promptly sent the agreed amount to the bank account as to which Avenatti sent the forged authorization.

Necessarily then, adjudication of Ms. Clifford's civil complaint in the action that was assigned to Judge Vyskocil will involve consideration of the identical facts, issues and evidence already adjudicated in the Avenatti criminal trial over which Judge Furman recently presided and with which he is very familiar. Accordingly, reassigning the civil case to Judge Furman will avoid unnecessary duplication of judicial effort. *See* Local Civil Rule 1.6(a). The same facts, evidence and issues will likely be critical, if not dispositive, in determining Defendants' motion to dismiss the Clifford civil case.

Honorable Jesse M. Furman
Honorable Mary Kay Vyskocil
April 4, 2022

Because Judge Vyskocil requires pre-motion letters for a motion to dismiss and has a three page limit for letters to the Court , and because this letter is intended (and uses its pages) to address the antecedent question of whether this case should be reassigned from Judge Vyskocil to Judge Furman, Defendants respectfully request that, if the case remains with Judge Vyskocil, they may file a supplemental letter which lays out in greater detail the bases for the motion to dismiss Ms. Clifford's civil case.  Judge Furman has a five page limit for letters to the Court but does not require pre-motion conferences.  Should Your Honors agree that this civil case should be re-assigned to Judge Furman, Defendants are likewise prepared to file a supplemental letter setting forth the bases for their motion to dismiss in the event Judge Furman believes one will be useful.

Defendants' Motion to Dismiss the Clifford Civil Case

Defendants presently intend to move to dismiss pursuant to Rules 12(b)(1), (6) and (7), Fed. R. Civ. P.  Briefly stated (given the page limitations cited above), and subject to their reservation of rights to make additional and/or alternative arguments warranting dismissal, Defendants will argue that Plaintiffs lack standing because, among other reasons, Plaintiffs' alleged harm, that Ms. Clifford did not receive the book payment misappropriated by Avenatti, was caused – as found by the jury in the criminal case – by Avenatti's actions and not by Defendants; that the elements of each of Plaintiff's three claims are not adequately alleged or present; that the tort claims are duplicative of the contract claim; that those claims which require it are not pled with the requisite particularity; that one or more of the claims is precluded by the statute of limitations; that there are no allegations which support any conceivable claim against Luke Janklow as an individual; and that Michael Avenatti, whose joinder would destroy diversity jurisdiction (since he and Stormy Entertainment, Inc. are both citizens of California), is an indispensable party – whose non-joinder compels dismissal of this action.

        Respectfully submitted,

        /s/

        Lani Adler
        Lani Adler Partners LLC
        275 West 96th Street, Suite 15G
        New York, New York 10025
        Tel (646) 732-3260

        *Attorneys for Defendants Luke Janklow and Janklow Partners, LLC d/b/a Janklow & Nesbit Associates*

cc:    Michael Kuzow, Esq.
        Clark Brewster, Esq.
        Guy Fortney, Esq.