**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
:
**STEPHANIE CLIFFORD**                           :
    **A.K.A. STORMY DANIELS; and**     :
**STORMY ENTERTAINMENT, INC.**              :
:
    **Plaintiffs**                           :
:
-v-                                             :          **Case No. 1:22-CV-01259-MKV**
:
**LUCAS JANKLOW; and**                       :
**JANKLOW PARTNERS, LLC d/b/a**             :
**JANKLOW & NESBIT ASSOCIATES**             :
:
    **Defendant.**                           :
:
-----------------------------------------------------------X

<u>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSIITION TO**</u>
<u>**DEFENDANTS' MOTION TO DISMISS**</u>

June 13, 2022

Clark O. Brewster, OBA #1114
Guy A. Fortney, OBA #17027
**BREWSTER & DE ANGELIS, P.L.L.C.**
2617 East 21st Street
Tulsa, Oklahoma 74114
Phone: (918) 742-2021
Fax: (918) 742-2197
cbrewster@brewsterlaw.com
gfortney@brewsterlaw.com

Michael F. Kuzow
**WESTERMANN, SHEEHY,**
**SAMMAN & GILLESPIE, LLP**
90 Merrick Avenue, Suite 802
East Meadow, NY 11554
Phone: (516) 794-7500
Fax: (516) 794-1277
michaelkuzow@westerlaw.com
*Counsel for Plaintiffs*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

SUFFICIENCY OF THE AMENDED COMPLAINT.................................................. 2

ARGUMENT AND AUTHORITIES........................................................................... 4

    I.    PLAINTIFFS HAVE STANDING TO BRING THE CLAIMS................................... 4

        A.  Standard of Review................................................................................. 4

        B.  The Criminal Conviction of Michael Avenatti Does Not Sever Defendants' Liability ................................................................................. 5

    II.  PLAINTIFF'S AMENDED COMPLAINT SUFFICIENTLY STATES CLAIMS FOR BREACH OF CONTRACT AND BREACH OF FIDUCIARY DUTY............................ 8

    III. THE BREACH OF FIDUCIARY DUTY CLAIM IS NOT DUPLICATIVE OF THE BREACH OF CONTRACT CLAIM................................................................ 10

    IV. THE ECONOMIC LOSS DOCTRINE (AS APPLIED IN CONTRACT CASES) DOES NOT APPLY TO THE EMOTIONAL DISTRESS OR PUNITIVE DAMAGE CLAIMS IN THE BREACH OF FIDUCIARY DUTY CLAIM............................................ 11

    V.  PLAINTIFF STORMY ENTERTAINMENT, INC ...................................... 12

    VI. CLIFFORD'S CLAIM FOR BREACH OF FIDUCIARY DUTY IS TIMELY BROUGHT ................................................................................. 14

    VII. THE CLAIMS AGAINST LUCAS JANKLOW ARE NOT SUBJECT TO DISMISSAL ................................................................................. 17

        A.  Breach of Contract ................................................................. 17

        B.  Breach of Fiduciary Duty................................................................. 18

    VIII. AVENATTI IS NOT AN INDISPENSABLE PARTY............................... 18

        A.  Defendants Have Failed to Establish That Fed. R. Civ. P. 19 Requires a Dismissal ................................................................................. 18

        B.  Avenatti Is Not a Necessary Party to This Action Under Fed. R. Civ. P. 19(a)(1) . 19

C.  Defendants Have Failed to Prove Relief Under Fed. R. Civ. P. 19(a)(1)(B)(i) or (ii) ................................................................................................................ 20

D.  Defendants Have Failed to Establish That Avenatti Is an Indispensable Party ....... 21

IX. CONCLUSION ............................................................................................................ 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

12 N.Y.2d 473, 191 N.E.2d 279 (1963)..................................................................................... 15

*Aguinaga v. UBS AG*,
    2010 WL 5093433 (S.D.N.Y. Dec. 14, 2010) .......................................................... 20

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................... 8

*Barbagallo v. Marcum LLP*,
    2012 WL 1664238 (E.D.N.Y. May 11, 2012) ........................................................ 11

*Barclays Bank PLC v. Vena*,
    1988 WL 96012 (S.D.N.Y. Aug. 30, 1988) .............................................................. 20

*Barrett v. Freifeld*,
    64 A.D.3d 736, N.Y.S.2d 305 (2009)......................................................................... 9

*Barton v. Northeast Transport, Inc.*,
    2022 WL 203593 (S.D.N.Y. Jan. 24, 2022) ..................................................... 23, 24

*Beckstrom v. Parnell*,
    97-1200 (La. App. 1 Cir. 11/6/98), 730 So. 2d 942........................................... 16, 17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570 (2007) ............................................................................................. 8

*Beltran v. Capitol Recs., LLC*,
    2013 WL 968248 (N.D. Cal. Mar. 12, 2013) .......................................................... 13

*Bozzio v. EMI Grp. Ltd.*,
    811 F.3d 1144 (9th Cir. 2016) ................................................................................... 13

*Chaleplis v. Karloutsos*,
    2022 WL 95691 (E.D. Pa. Jan. 10, 2022)................................................................ 22

*Cortlandt Street Recovery Corp., v. Hellas Telecommunications, et al.*,
    790 F.3d 411 (2nd Cir. 2015) ..................................................................................... 4

*DeWan v. Seideman*,
    2017 WL 6048816 (S.D.N.Y. Dec. 5, 2017) .......................................................................... 13

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010) ................................................................................................. 8

*Dondero v. Chopra & Nocerino LLP*,
    2022 WL 320967 (2d Cir. Feb. 3, 2022) ............................................................................... 9

*Duplessis Buick-GMC Truck, Inc. v. Chauncey*,
    2020-0914 (La. App. 1 Cir. 2/24/21), 322 So. 3d 262.................................................. 16, 17

*E&T Skyline v. Talisman Casualty Insurance Co., LLC*,
    2020 WL 6531108 ....................................................................................................... 19, 20

*Evergreen Marine Corp. v. Welgrow Int'l Inc.*,
    942 F. Supp. 201 (S.D.N.Y. 1996) ..................................................................................... 21

*Fed. Ins. Co. v. SafeNet, Inc.*,
    758 F.Supp.2d 251 (S.D.N.Y. 2010) ................................................................................. 21

*Gerdes v. Estate of Cush*,
    953 F.2d 201 (5th Cir.1992) ............................................................................................... 16

*Hefley v. Textron, Inc.*,
    713 F.2d 1487 (10th Cir. 1983) .......................................................................................... 19

*Hernandez v. United States*,
    939 F.3d 191 (2d Cir. 2019) ................................................................................................. 8

*In re Waste Mgmt. Data Breach Litig.*,
    2022 WL 561734 (S.D.N.Y. Feb. 24, 2022) .................................................................. 11, 12

*Johnson v. Smithsonian Inst.*,
    189 F.3d 180 (2d Cir. 1999) ............................................................................................... 19

*Kips Bay Endoscopy Cntr. v. Travelers Indem. Co.*,
    2015 WL 4508739 (S.D.N.Y. Jul. 24, 2015)................................................................. 22, 24

*Krys v. Butt*,
    486 Fed.Appx. 153, 154 (2d Cir.2012)................................................................................ 9

*Kubin v. Miller*,
    801 F.Supp. 1101 (S.D.N.Y. 1992) ................................................................................... 12

*Lane v. Am. Airlines, Inc.*,
 2022 WL 1062992 (E.D.N.Y. Apr. 8, 2022) ........................................................................ 22

*Lehman Bros. Com. Corp. v. Minmetals Int'l Non-Ferrous Metals Trading Co.*,
 179 F. Supp. 2d 118 (S.D.N.Y. 2000) ................................................................................... 9

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992) .............................................................................................................. 4

*Marvel Characters, Inc. v. Simon*,
 310 F.3d 280 (2d Cir. 2002) .................................................................................................. 6

*Meisel v. Grunberg*,
 651 F. Supp. 2d 98 (S.D.N.Y. 2009) ..................................................................................... 9

*Meyers v. Waverly Fabrics, Div. of F. Schumacher & Co.*,
 65 N.Y.2d 75 (1985) ............................................................................................................ 10

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
 693 F.3d 145 (2d Cir. 2012) .................................................................................................. 4

*Nichols v. Scott*,
 69 F.3d 1255 (5th Cir. 1995) ................................................................................................. 7

*Nielsen v. Rabin*,
 746 F.3d 58 (2d Cir. 2014) .................................................................................................... 8

*Paramount Pictures Corp. v. Allianz Risk Transfer AG*,
 31 N.Y.3d 64, 96 N.E.3d 737 (2018) .................................................................................... 6

*Parklane Hosiery Co., Inc. v. Shore*,
 439 U.S. 322 ........................................................................................................................... 7

*Patricia v. Delford Indus., Inc.*,
 660 F. Supp. 1429 (S.D.N.Y. 1987) ...................................................................................... 7

*Peregrine Myanmar Ltd. v. Segal*,
 89 F.3d 41 (2d Cir. 1996) ....................................................................................... 18, 19, 20

*Performance Plastering v. Richmond Am. Homes of Cal., Inc. (Richmond American Homes)*,
 153 Cal.App.4th 659, 63 Cal.Rptr.3d 537 (2007) ............................................................. 13

*Phillips v. Kidder, Peabody & Co.*,
 750 F. Supp. 603 (S.D.N.Y. 1990) ....................................................................................... 6

*Rose v. Simms*,
   1995 WL 702307 (S.D.N.Y. Nov. 29, 1995)................................................................. 19, 21

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007) ........................................................................................ 5

*Samaha v. Presbyterian Hosp.*,
   757 F.2d 529 (2d Cir.1985) ......................................................................................... 23

*Shtofmakher v. Arie E. David, et al.*,
   2015 WL 5148832 ....................................................................................................... 23

*Sonterra Cap. Master Fund Ltd. v. UBS AG*,
   954 F.3d 529 (2d Cir. 2020) ........................................................................................ 5

*Spokeo, Inc. v. Robins*,
   578 U.S. ___, 136 S. Ct. 1540 (2016) ......................................................................... 4

*Stafford v. Int'l Harvester Co.*,
   668 F.2d 142 (2d Cir. 1981) ........................................................................................ 15, 16

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ..................................................................................................... 6, 7

*Tedesco v. A.P. Green Indus., Inc.*,
   8 N.Y.3d 243 (2007)..................................................................................................... 20, 23

*Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*,
   525 F. Supp. 3d 482 (S.D.N.Y. 2021) ......................................................................... 23

*United States v. Kwai Fun Wong*,
   575 U.S. 402 (2015) ..................................................................................................... 19

*Universal Reinsurance* Co., *v. Ltd., St. Paul Fire and Marine Ins. Co.*
   312 F.3d 82 (2d Cir. 2022) .......................................................................................... 23

*Viacom International Inc., v. Michael W. Kearney, et al.*,
   212 F.3d 721 (2nd Cir. 2000) ...................................................................................... 19, 21

*Walpert v. Jaffrey*,
   127 F. Supp. 3d 105 (S.D.N.Y. 2015) ......................................................................... 22

*Warth v. Seldin*,
   422 U.S. 490 (1975) ..................................................................................................... 4

*William A. Gross*,
  2009 WL 427280 .......................................................................................... 23

*Wrap-N-Pack, Inc. v. Kaye*,
  528 F.Supp.2d 119 (E.D.N.Y. 2007) ........................................................ 12

*Wyly v. Weiss*,
  697 F.3d 131 (2d Cir. 2012) ......................................................................... 7

*Zimmermann v. Frederic R. Harris, Inc.*,
  1997 WL 257478 (S.D.N.Y. May 15, 1997) ............................................... 6

**Statutes**
California Revenue and Tax Code Section 23301 ......................................... 13
La. Civ. Code Ann. art. 2989 ........................................................................ 17
La. Civ. Code Ann. art. 3003 ........................................................................ 17
La. Civ. Code Ann. art. 3499 ........................................................................ 16
La. Civ. Code Ann. arts. 3001-11 ................................................................. 17
U.S. Const. art. III ..................................................................................... 4, 8

**Rules**
Fed. R. Civ. P. 19 ........................................................................ 18, 19, 21, 23
Fed. R. Civ. P. 19(a)(1) ................................................................................ 19
Fed. R. Civ. P. 19(a)(1)(B)(i) or (ii) ............................................................ 20
Fed. R. Civ. P. 21 ........................................................................................ 24
Fed. R. Civ. P.19(a)(2) ................................................................................. 18
Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(b)(7) .................................................. 1
Fed. R. Civ. P. 56 ........................................................................................... 1
N.Y.C.P.L.R. 213(8) .................................................................................... 15
Rule 12(d) ........................................................................................................ 1
Rule 19(a) ................................................................................................ 20, 22
Rule 19(b) ................................................................................ 19, 21, 22, 23

**Other Authorities**
54 C.J.S. Limitations of Actions § 2. New York ........................................ 15

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs STEPHANIE CLIFFORD ("Clifford") and STORMY ENTERTAINMENT, INC., a California domestic corporation, by and through their attorneys, submit this Memorandum of Law in response and opposition to Defendants LUCAS JANKLOW and JANKLOW PARTNERS, L.L.C. d/b/a JANKLOW & NESBIT ASSOCIATE'S Motion to Dismiss. Dkt. 29. The motion should be denied in its entirety.

**PRELIMINARY STATEMENT**

Defendants have moved to dismiss Plaintiffs Amended Complaint (Dkt. 25) pursuant to FRCP 12(b)(1), 12(b)(6), 12(b)(7), 9 and 19. While defendants have attached materials for the Court's consideration, they have not followed the form, asserted, or requested that the motion be treated as a motion for summary judgment. *See* FRCP 56, Joint Local Rule 56.1 and Individual Rules of Practice - Motions, 4(A)(i) and 5(C). If the Court intends to treat any issue under Rule 56 and the governing standards, Plaintiffs requests notice from the Court pursuant to Rule 12(d).

Many of Defendants' arguments can be disregarded in the motion to dismiss because they do not properly challenge whether Plaintiffs' have stated a claim but make a factual challenge to causation – namely that Michael Avenatti is solely responsible for Plaintiffs' injury. This is not a proper challenge on a motion to dismiss. Plaintiffs are not deprived of standing simply because Defendants dispute causation. Defendants' contention that others may be responsible for Plaintiffs' injuries does not raise any issues with regard to the sufficiency of Plaintiffs' claims. The actions of Defendants as described in the Amended Complaint, Dkt. 25, are assumed to be true, meet the jurisdictional prerequisites and state a claim for breach of contract and fiduciary duty. Defendants' attachment of documents and testimony from the trial of Michael Avenatti only underscores the viability of Plaintiffs' allegations and highlight Defendants' actions, which give rise to liability.

1

## SUFFICIENCY OF THE AMENDED COMPLAINT (DKT. 25)

Plaintiff Stormy Entertainment, Inc. alleges a contract between the corporation and Janklow and Nesbit (Dkt. 25 at ¶¶13-17, 57; Dkt. 29-6[1] at 106:24-107:15; 108:20-109:8; 109:22-110:3; Dkt. 29-14[2]); the contract required timely payments (Dkt. 25 at ¶¶17, 24, 26, 57); the payments were not delivered to Plaintiffs by the Defendant as required by the contract (*Id*. at ¶¶26, 36, 58); causing a breach of the contract. And, Plaintiffs have suffered injury by the failure to make the payments as required under the contract. *Id*. at ¶¶58-59. The allegations are sufficient to state a claim.

Clifford has also stated sufficient facts to state a claim for breach of fiduciary duty. Clifford alleges that Lucas Janklow was her agent (Dkt. 25 at ¶¶61-62; Dkt. 29-6 at 105:23-24; 110:4-13; Dkt. 29-15[3] at 30 (¶23)); she fully authorized and empowered him, as her agent, to act on her behalf as the Author in any way arising out of the *Author Contract*, including the receipt and disbursement of monies from St. Martin's Press (Dkt. 25 at ¶63; Dkt. 29-6 at 100:21-101:18; 111:11-12; 112:3-5; 113:6-10; 115:16-25; Dkt. 29-15 at 30 (¶23)); and that she reposed trust and confidence in him by agreeing that all funds would be initially sent to him and he would promptly remit the balance of the Gross Proceeds as she directed. Dkt. 25 at ¶64; Dkt. 29-6 at 102:23-103:16, 117:18-118:10. These assumed duties and obligations by Mr. Janklow and, importantly, the receipt of monies due to her created a fiduciary relationship between them. Dkt. 25 at ¶¶61-68. Further, he breached these duties by improperly redirecting the monies to Avenatti.  Dkt. 25 at ¶¶28-31, 38; Dkt. 29-6 at 151:21-153:5; 156:5-23, 174:24-173:5. Janklow was aware when he diverted the

---

[1] Dkt. 29-6 is a transcript from the *USA v. Avenatti* attached as Ex. K to Defendants' Motion. The particular citations herein are to Mr. Janklow's testimony concerning the *Retainer Agreement,* the *Authors Contract,* his acknowledgment that he is a literary agent for Clifford, and his actions which give rise to his breaches of fiduciary duties to Clifford.
[2] Dkt. 29-14 is the Janklow and Nesbit *Retainer Agreement* attached as Ex. N to Defendants' Motion.
[3] Dkt. 29-15 is the St. Martins Press *Author Contract* attached as Ex. O to Defendants' Motion.

monies to Avenatti that it is not a regular practice for payments to be directed to an account of a third-party such as Michael Avenatti and the usual practice was to pay only the signatory on the *Retainer Agreement*. Dkt. 25 at ¶29; Dkt. 29-6 at 151:21-25; 152:13-153:5.   Further that in diverting the funds, he was "trying to help [Avenatti] out" stating, "This is normally not even entertained. I'm doing my best to take care of you. Cool." *Id.*[4] In intentionally diverting the funds, he disregarded and breached his fiduciary duties to Clifford. Dkt. 25 at ¶31; Dkt. 29-6 at 151:21-25; 152:13-153:5.   Mr. Janklow admits that he never spoke with Clifford about where to send the second and third payments. Dkt. 29-6 at 156:22-25, 156:25-160:5, 168:20-22, 178:25-179:2. These facts support the allegations that Mr. Janklow's breach of his fiduciary duty was knowing and intentional.

Clifford also alleges that on August 9, 2018, she inquired of Mr. Janklow about the missing payment. He never responded. Dkt. 25 at ¶33; Dkt. 29-6 at 162:24-163:18. A practice that he describes as "blanking" a client. Dkt. 25 at ¶49; Dkt. 29-6 at 207:1-24. After August 9, 2018, Clifford alleges six separate instances when Mr. Janklow was aware that she was attempting to communicate with him about the missing payments. He refused to speak with her. Dkt. 25 at ¶¶37-50; Dkt. 29-6 at 156:22-25, 156:25-160:5, 168:20-22, 178:25-179:2, 184:8-187:15.   188:23-189:24, 191:8-192:14, 198:24-210:14.   If the above and foregoing do not make it clear that Mr. Janklow had a duty to Clifford and that he was failing in his obligations to her, consider the following, this is Lucas Janklow in his own words texting Avenatti:

> Dude, she just called me again. **I have to be honest.** I am no longer comfortable not communicating with her at all ever. **She is a client of my firm. I have legal obligations to her,** and I never behaved this way, and I have never behaved this way. There is clearly

---

[4] Further evidence Mr. Janklow's efforts to help Mr. Avenatti out and misguided loyalties are evidenced by the disclosure at trail that he directed 2.5% of the $800,000 advance to Michael Avenatti without the knowledge or approval of Clifford.  Dkt. 25 at fn. 1, p. 6; Dkt. 29-6 at 122:6-123:16.

something off. And as impulsive and impetuous as she is, she is not
as bad as some of my other clients. L.

Dkt. 29-6 at 210:5-10. Clifford has alleged sufficient facts to establish a fiduciary duty and

breaches of that duty by Mr. Janklow. Defendant Janklow has made sufficient admissions

supporting the existence of a fiduciary duty and breaches of his duties and obligations to her. These

breaches of fiduciary duty caused her damages. Dkt. 25 at ¶¶71-72.

Plaintiffs have clearly stated a claim and the motion should be denied.

## ARGUMENT AND AUTHORITIES

### I.   PLAINTIFFS HAVE STANDING TO BRING THE CLAIMS

#### A.  Standard of Review

Under the United States Constitution, the jurisdiction of the federal
courts is limited to actual cases and controversies. U.S. Const. art.
III, § 2. "Standing to sue is a doctrine rooted in the . . .
[Constitution's] case or controversy" requirement for federal court
jurisdiction. *Spokeo, Inc. v. Robins,* 578 U.S. ___, 136 S. Ct. 1540,
1547 (2016).

\*\*\*

The Supreme Court has held that "the 'irreducible constitutional
minimum' of standing consists of three elements." *Spokeo, Inc.,* 136
S. Ct. at 1547 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555,
560 (1992)). "The plaintiff must have (1) suffered an injury in fact,
(2) that is fairly traceable to the challenged conduct of the defendant,
and (3) that is likely to be redressed by a favorable judicial
decision." *Id.*

\*\*\*

"[A]t the pleading stage, the plaintiff must 'clearly allege facts
demonstrating' each element." *Id.* (alteration omitted) (quoting
*Warth v. Seldin,* 422 U.S. 490, 518 (1975)). Indeed, he must
"alleg[e] facts that affirmatively and plausibly suggest" that he
satisfies each requirement of standing. *Hellas Telecomm.,* 790 F.3d
at 417 (emphasis added) (internal quotation marks and citation
omitted). A district court must "accept as true all non-conclusory
factual allegations in the complaint." *NECA-IBEW Health &*

*Welfare Fund v. Goldman Sachs & Co.,* 693 F.3d 145, 156 (2d Cir. 2012).

*Dominguez v. Grand Lux Café, LLC,* USDC SDNY Case No. 19-cv-10345 (MKV). When a defendant moves to dismiss for lack of standing, the standard of review depends on whether the defendant brings a "facial" challenge, "based solely on the allegations of the complaint" or a "fact-based" challenge, "proffering evidence beyond the [p]leading." *Sonterra Cap. Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 533–34 (2d Cir. 2020)(citations omitted). The Court takes judicial notice of these documents when considering evidence proffered beyond the pleading, but their purposes at the motion-to-dismiss stage are limited. They may be used only for "determining what the documents state," and [Defendants] cannot rely on them to "prove the truth of their contents." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

### B.  The Criminal Conviction of Michael Avenatti Does Not Sever Defendants' Liability

Defendants challenge "causation" as an element of Plaintiffs' claims. In doing so, they do not deny any of the factual allegations of Plaintiffs, only that the finding of guilt in the criminal matter, *USA v. Michael Avenatti,* UDSC SDNY, Case No. 19-cr-374 (JMF), is binding and dispositive on the parties. The factual challenge on causation is not at issue for purposes of determining whether this court has jurisdiction. They rely upon the truth of the matter asserted in them through the very generous description of the "findings of the jury." They ask the Court to determine the facts of this matter through the lens of testimony at a criminal trial to determine whether Plaintiffs have an actionable claim. While Defendants have assiduously avoided the terms, the arguments seek to apply the principles of claim and/or issue preclusion. Neither are applicable in this case and cannot be used to bar Plaintiffs' claims or deprive the court of jurisdiction on a 12(b)(1) motion to dismiss.

Claim preclusion "bars subsequent litigation on a cause of action where a valid and final judgment as to that cause of action has been rendered in prior litigation between the same parties or their privies." *Phillips v. Kidder, Peabody & Co.*, 750 F. Supp. 603, 606 (S.D.N.Y. 1990). Plaintiffs' suits for breach of contract and fiduciary duty are different claims than those brought by the state against Avenatti. Neither Defendants nor Plaintiffs in the present case were parties or in privity with the parties in the prosecution of Michael Avenatti. *See id.*; *Taylor v. Sturgell*, 553 U.S. 880 (2008). Defendants' actions and liability were not at issue, and the jury did not render any verdict on Plaintiffs' claims. Defendants do not attempt to satisfy the elements for claim preclusion; thus, the argument fails.   *See Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 31 N.Y.3d 64, 73, 96 N.E.3d 737, 744 (2018).[5]

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). While issue preclusion protects against many of the same evils as claim preclusion, issue preclusion does allow for some non-mutuality of parties. *Zimmermann v. Frederic R. Harris, Inc.*, No. 94CIV.0438(RLE)(KMW), 1997 WL 257478, at *2 (S.D.N.Y. May 15, 1997). However, even in non-mutual preclusion, issues previously determined are only binding on those who had a full and fair opportunity to litigate those issues. *Id.*

Defendants and Plaintiffs are strangers to the previous litigation. Neither had the opportunity to litigate the issue of Defendants' civil liability. They may have participated in the criminal case as witnesses, but they did not control litigation, and the government cannot be said

---

[5] To establish claim preclusion, a party must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions.  The sole issue in this case is whether the claim to be litigated is "the same" as the claims previously litigated by the parties.  *Id*. citations omitted.

to have represented them virtually. *Taylor v. Sturgell*, 553 U.S. 880, 900 (2008) (A party's representation of a non-party is "adequate" for preclusion purposes only if, at a minimum: (1) The interests of the non-party and her representative are aligned… and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the non-party…"). "It is a violation of due process for a judgment to be binding on a litigant who was not a party nor a privy and therefore has never had an opportunity to be heard," Plaintiffs must be allowed their day in court to assess the civil liability of Defendants. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n. 7 (1979).

Furthermore, the doctrine of issue preclusion is only applicable to facts necessarily decided in the prior adjudication and essential to that prior judgment. *Wyly v. Weiss*, 697 F.3d 131 (2d Cir. 2012). Neither Judge Furman or the jury determined the Defendants' role or culpability. Their liability under contract and tort law had no bearing on the elements of Avenatti's crime. *Compare Patricia v. Delford Indus., Inc*., 660 F. Supp. 1429, 1435 (S.D.N.Y. 1987) (holding that the present allegation of termination without good and sufficient cause was not necessary or essential to an earlier finding that employee did not cause their discharge through misconduct.). Although Defendants assert that the jury's verdict of guilty for Avenatti makes him the sole source of Plaintiffs' injuries, the law is not so narrow.   Plaintiffs' injuries and loss may have more than one proximate cause. *See, e.g., Nichols v. Scott*, 69 F.3d 1255 (5th Cir. 1995) (Defendant denied issue preclusion in murder trial although another defendant had already been convicted of the murder; both defendants shot at the victim, but the victim died from a single gunshot wound.).

As shown above, Plaintiffs have stated claims for breach of contract and fiduciary duty. All of the elements are properly alleged, there is complete diversity of citizenship and the claims exceed the jurisdictional amount. Factual challenges to causation are not resolved at this stage.

Plaintiffs' Amended Complaint meets and exceeds the "irreducible constitutional minimum" necessary for Article III standing.

The Court should deny Defendants' Motion to Dismiss for lack of standing.

## II. PLAINTIFFS AMENDED COMPLAINT SUFFICIENTLY STATES CLAIMS FOR BREACH OF CONTRACT AND BREACH OF FIDUCIARY DUTY

> To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

> In ruling on a motion to dismiss, the Court must "accept as true all factual allegations and draw from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hernandez v. United States,* 939 F.3d 191, 198 (2d Cir. 2019) (quoting Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014)). The Court may consider "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 111 (2d Cir. 2010).

*Starks v. Metropolitan Transportation Authority,* USDC SDNY Case No. 20-cv-09569 (MKV). Again, Defendants' Motion to Dismiss is premised on a factual dispute, that Plaintiffs' damages were caused by the conduct of Avenatti, not the Janklow Defendants. *This factual defense is not at issue on a motion to dismiss.*

As with the challenge to standing, the criminal conviction of Michael Avenatti does not abrogate or annul Defendants' liability.   It is not dispositive of any issue before this Court, and the parties are not bound by the jury's generously applied term "findings" throughout the motion. Strictly speaking, the jury was charged only with a guilty or not guilty verdict on the actions of

Michael Avenatti. Similarly, Defendant Lucas Janklow's motion to dismiss under Rule 12(b)(6) demonstrates he understands the claims asserted and offers a similar defense:  he was acting on instructions from Avenatti rather than his client, Stephanie Clifford, and complains that he did not have any reason to know that Avenatti was not forwarding the money to Clifford. This is a factual defense, not a legal defense.

As shown above, Plaintiffs' Amended Complaint, supplemented by the transcript of Mr. Janklow's testimony in *USA v. Michael Avenatti,* provides ample facts to state a claim for breach of contract and fiduciary duty. Clifford also alleged facts to demonstrate that the breach of the fiduciary duty was a "knowing" breach.[6]  Under New York law, "[a] fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Krys v. Butt,* 486 Fed.Appx. 153, 154 (2d Cir.2012). Clifford alleges that Janklow took upon himself as her agent not only negotiating a contract for her benefit but also controlling the monies derived from any such agreement. The nature and extent of Janklow's duty and whether it was fiduciary in nature is a factual question that will be resolved by a jury and not at the motion to dismiss stage. *Lehman Bros. Com. Corp. v. Minmetals Int'l Non-Ferrous Metals Trading Co.,* 179 F. Supp. 2d 118, 151 (S.D.N.Y.

---

[6] While Clifford has alleged conduct demonstrating Janklow's knowledge that his conduct was improper, Plaintiff disputes that the term "knowing" is a required element of a breach of fiduciary duty.  The citation provided does contain that language (*Dondero v. Chopra & Nocerino LLP,* No. 21-1487-CV, 2022 WL 320967, at *3 (2d Cir. Feb. 3, 2022)). Still, when looking at the cases cited within *Dondero,* the word "knowing" does not appear as an element in a breach of fiduciary duty claim.  *See Barrett v. Freifeld,* 64 A.D.3d 736, 739, 883 N.Y.S.2d 305, 308 (2009)("To establish a breach of fiduciary duty, the plaintiff must show the existence of a fiduciary relationship, misconduct that induced the plaintiff to engage in the transaction in question, and damages directly caused by that misconduct."). More generally, the elements of a breach of fiduciary duty claim under New York law are (1) that a fiduciary duty existed between plaintiff and defendant, (2) that defendant breached that duty, and (3) damages as a result of the breach.  *Meisel v. Grunberg,* 651 F. Supp. 2d 98, 114 (S.D.N.Y. 2009).  Certainly, Plaintiff has plead the necessary elements of the claim in the Amended Complaint. Dkt. 25.  The elements for *aiding and abetting a breach of fiduciary duty* require the second element of "knowledge."  *Id.* (differentiating the elements of breach of fiduciary duty versus aiding and abetting a breach of fiduciary duty).

2000)("[T]he existence of a fiduciary relationship is a factual question."). At this stage, her factual allegations are sufficient that Janklow was acting as her agent.

Accordingly, Plaintiffs' alleged facts state claims for both breach of contract by Janklow and Nesbit and breach of fiduciary duty by Lucas Janklow. Defendants' motion to dismiss for failure to state a claim should be denied.

### III.     THE BREACH OF FIDUCIARY DUTY CLAIM IS NOT DUPLICATIVE OF THE BREACH OF CONTRACT CLAIM

*Different Plaintiffs, different defendants.* The breach of contract claim is based upon the *Retainer Agreement* between Stormy Entertainment, Inc. and Janklow and Nesbit. The breach of fiduciary claim is based upon the actions of Lucas Janklow, agent for Stephanie Clifford. As shown above, the breach of contract claim is straightforward. The breach of fiduciary duty claim arises out of conduct by Lucas Janklow personally, as alleged in the Amended Complaint. Dkt. 25 at ¶¶28-29, 31-33, 37-45, 48-51.  And as testified to by him at Avenatti's criminal trial. Dkt. 29-6 at 151:21-153:5; 156:5-23, 174:24-173:5. The allegations in those paragraphs are not the conduct of Janklow and Nesbit *but* Lucas Janklow. The Amended Complaint is clear: Janklow and Nesbit diverted the funds to Avenatti at the direction of Lucas Janklow. Dkt. 25 at ¶¶30, 31, and 38. He was able to do so by virtue of his position at Janklow and Nesbit (*Id*. at ¶5) and the requirement in the *Authors Contract* negotiated by him that all the payments were to be made payable to him and directed to his attention. *Id.* at ¶¶21-22. His actions give rise to separate tort liability distinct from the breach of contract claim. As reflected in the sole cite by Defendants, ". . . it springs from extraneous circumstances, not constituting elements of the contract as such although connected with and dependent upon it, and born of that wider range of legal duty which is due from every man to his fellow, to respect his rights of property and person, and refrain from invading them by force or fraud." *Meyers v. Waverly Fabrics, Div. of F. Schumacher & Co.,* 65 N.Y.2d 75, 80 n. 2, 479

N.E.2d 236, 239 n. 2 (N.Y.1985) (cited in *Barbagallo v. Marcum LLP,* No. 11-CV-1358, 2012 WL 1664238, at \*9 (E.D.N.Y. May 11, 2012).   Lucas Janklow, the acknowledged agent for Stephanie Clifford, directed that her monies be sent to him, intercepted the funds, and redirected them to Michael Avenatti without her authorization or approval. Dkt. 29-6 at 156:22-25, 156:25-160:5, 168:20-22, 178:25-179:2. Further, when confronted about the missing payments by his client, Stephanie Clifford, he refused to speak with her or communicate the reasons for his actions over a matter of months despite numerous requests. Dkt. 25 at ¶33 37-50; Dkt. 29-6 at 156:22-25, 156:25-160:5, 162:24-163:18, 168:20-22, 178:25-179:2, 184:8-187:15, 188:23-189:24, 191:8-192:14, 198:24-210:14.  It is a clear and distinct independent tort for breach of fiduciary duty and should not be dismissed.

IV.    **THE ECONOMIC LOSS DOCTRINE (AS APPLIED IN CONTRACT CASES) DOES NOT APPLY TO THE EMOTIONAL DISTRESS OR PUNITIVE DAMAGE CLAIMS IN THE BREACH OF FIDUCIARY DUTY CLAIM**

For the same reasons that the Court should deny the Motion to Dismiss on the grounds that the breach of contract and fiduciary duty claims are duplicates, the same reasoning applies here. The economic loss doctrine is not applicable to torts. Citing footnote 1 of *In re Waste Mgmt. Data Breach Litig.,* No. 21CV6147 (DLC), 2022 WL 561734 (S.D.N.Y. Feb. 24, 2022)(on appeal), which merely defines the economic loss doctrine,  Defendants disregard the plain language of the order:

> Waste Management also argues that a conflict exists between New York and Texas law because, under Texas law, the plaintiffs' claims would be barred by the economic loss rule. Any difference that may exist in the jurisdiction's application of the economic loss doctrine, a doctrine they both recognize, is irrelevant since neither jurisdiction bars negligence claims for breach of a duty independent of a contractual obligation.

11

*Id.* at *3. As shown above, Clifford's claim for breach of fiduciary duty is independent of the breach of contract claim.

Defendants' arguments concerning damages for "emotional distress" conflate the breach of contract and breach of fiduciary duty. All the cases pertain to the rule concerning consequential damages sought for breach of contract. Plaintiff Stormy Entertainment, Inc. seeks damages of $175,000.00. The amount that Janklow and Nesbit failed to remit per the contract. Plaintiff Stormy Entertainment, Inc. is not seeking special, consequential, or punitive damages on the breach of contract claim. Dkt. 25 at Demand for Relief (a). Defendants' arguments and citations to case law that consequential damages, special damages, and/or punitive damages are not available for breach of contract or require special pleading are inapplicable.

Clifford seeks damages in tort for a breach of fiduciary duty. As such, the damages for emotional distress and punitive damages are not "consequential" or "special" but a proper request for damages in tort. *See Kubin v. Miller,* 801 F.Supp. 1101, 1122 (S.D.N.Y. 1992)("New York law recognizes breach of fiduciary duty as an exception to the general rule that punitive damages are not recoverable for breach of contract claims.")(citations omitted); *see also Wrap-N-Pack, Inc. v. Kaye,* 528 F.Supp.2d 119, 126 (E.D.N.Y. 2007)("plaintiff's tort claims are independent of the parties' contract, and it is not essential that the plaintiff allege a pattern of conduct directed at the public in general to assert a claim for punitive damages here.").

Defendants' arguments lack merit and do not "compel" dismissal of the breach of fiduciary duty claim. The motion should be denied.

## V.   PLAINTIFF STORMY ENTERTAINMENT, INC.

Plaintiff Stormy Entertainment, Inc. does not dispute that the corporation's status is suspended. Plaintiff Stormy Entertainment, Inc. is making the necessary filings with the State of

California and anticipates that it will be in good standing within 10-15 days. Plaintiff Stormy Entertainment, Inc. requests that the court delay ruling on the effect of the suspension for 30 days while it completes the necessary steps to achieve good standing with the State of California.[7] Plaintiff Stormy Entertainment, Inc. will timely supplement this response to show the court that it is in good standing with the State of California.

Defendants recognize that Stephanie Clifford is a third-party beneficiary of the *Retainer Agreement.* While Defendants contend that even as a third-party beneficiary, she cannot sue to enforce the retainer Agreement, the cited case of *Beltran v. Capitol Recs., LLC,* No. 12-CV-1002 YGR, 2013 WL 968248 (N.D. Cal. Mar. 12, 2013) is not on point and does not support the proposition. First, the contract in *Beltran* contained a specific provision that disallowed third-party beneficiary status. *Id*. at *3. The *Retainer Agreement* here does not contain any such language and does not bar Clifford's status as a third-party beneficiary. Dkt. 29-14, *Retainer Agreement,* Ex. N, Defendants' Motion to Dismiss. Second, while the court discussed and concluded that California Revenue and Tax Code Section 23301 prevented the Plaintiff from suing to enforce the agreement (*id*.), the cases cited for authority are in doubt.

The Ninth Circuit in *Bozzio v. EMI Grp. Ltd.,* 811 F.3d 1144 (9th Cir. 2016) after reviewing the relevant case law, including *Performance Plastering v. Richmond Am. Homes of Cal., Inc. (Richmond American Homes),* 153 Cal.App.4th 659, 63 Cal.Rptr.3d 537 (2007) concluded that "the California Supreme Court has not decided whether a promisee corporation's suspended status precludes suit by a third-party beneficiary of the contract . . ." *Bozzio* at 1151. Like Ms. Bozzio,

---

[7] See *DeWan v. Seideman,* No. 17 CIV. 1315 (ER), 2017 WL 6048816 (S.D.N.Y. Dec. 5, 2017) recognizing that a stay of the action may be appropriate while the corporate parties file the necessary paperwork to maintain an action under New York Law.  *Id*. at *4.

Clifford may seek to sue to enforce a contract that she is not a party to but is a third-party beneficiary.

Clifford's status as a third-party beneficiary is bolstered by the fact that p. 4 of the *Retainer Agreement,* which she was to sign in her individual capacity, was not executed by her raising a question as to whether she had fully granted all of her rights to her memoir to Stormy Entertainment, Inc.  Dkt. 29-14, *Retainer Agreement,* Ex. N at p. 4, Defendants' Motion to Dismiss. Additionally, the *Authors Contract* ignores the corporate form as it is between her, individually, and St. Martin's Press. Dkt. 29-15, *Authors Contract,* Ex. O, Defendants' Motion to Dismiss. She is identified as the author of the work, and Mr. Janklow designates himself as an "agent" for Clifford and directs that all monies be sent to him. Dkt. 29-15 at 30 (¶23).

Plaintiffs request that the Court not dismiss the breach of contract action at this time and that Stormy Entertainment, Inc. be granted 30 days to achieve good standing with the State of California. Plaintiff Stormy Entertainment, Inc. will timely supplement this response to show the Court when it is in good standing with the State of California. In the alternative, Clifford requests that she be allowed to proceed as a third-party beneficiary to enforce the Contract.

## VI.   CLIFFORD'S CLAIM FOR BREACH OF FIDUCIARY DUTY IS TIMELY BROUGHT

Clifford's claim for breach of fiduciary duty is timely under all applicable statutes of limitation. New York's statute of limitations alone governs Clifford's claim because the claim accrued within the state of New York. Both defendants are domiciled within the state of New York. While Clifford is domiciled in Louisiana, all events leading to the Plaintiffs' complaint occurred in New York. The Parties to this controversy negotiated and formed the agency contract in New York, and Defendants acted on behalf of Plaintiffs as an agent within New York. New York is undoubtedly the seat of the present controversy, as New York has the strongest connection to and

14

interest in resolving the present dispute. Therefore, the New York rather than Louisiana statute of limitation should govern Clifford's claim. Both of the contracts at issue, in this case, provide that New York law will govern in the event of any dispute. *See* Dkt. 29-14 at 4. The *Authors Contract,* wherein Mr. Janklow designates himself as an "agent" for Clifford and directs that all monies should be sent to him, states more fully that the agreement is governed by New York law and submit themselves to the jurisdiction of this Court. Dkt. 29-15 at 30 (¶23) and 32 (¶32).

Under *Babcock v. Jackson*, Clifford's claim for breach of fiduciary duty accrued in New York and must be governed by New York's laws. 12 N.Y.2d 473, 191 N.E.2d 279 (1963). According to that case, the state having the most significant relationship with the occurrence giving rise to the claim, and the parties are entitled to apply its laws to the controversy. *Id.* at 284. In this case, as in *Babcock*, "the concern of New York is unquestionably greater and far more direct…" and the interest of Louisiana "is at best minimal." *Id.* Simply put, a state's statute of limitations protects residents from stale claims and ensures a speedy and fair trial. 54 C.J.S. Limitations of Actions § 2. New York, as the state where the breach of fiduciary duty occurred and the home state of the Defendants, has a greater interest in applying its statute of limitations in the present case than Louisiana, which merely serves as the home of a single Plaintiff. *Babcock v. Jackson*, 12 N.Y.2d 473, 483, 191 N.E.2d 279, 284-285 (1963). Therefore, the present claim must be governed by N.Y.C.P.L.R. 213(8) six-year statute rather than Louisiana's laws of prescription.

Additionally, Louisiana's prescription laws still cannot be applied if the result is to bar the cause of action. New York courts exercising diversity jurisdiction may not apply the statute of limitations of a jurisdiction in which the Defendant is not susceptible to suit. The entire purpose of New York's borrowing statute is to prevent forum shopping on the part of plaintiffs. *Stafford v. Int'l Harvester Co.*, 668 F.2d 142, 153 (2d Cir. 1981). In the present case, as in *Standeffer*, the

Plaintiff cannot be said to 'forum shop' by bringing claims against Defendant in the only jurisdiction possible. *See id.* at 152 ("It is clear that the policies underlying New York's borrowing statute are not served in any way by applying the limitations period of Pennsylvania to bar a cause of action which never could have been brought in Pennsylvania."). Nothing in the pleadings suggests that Defendants possessed the minimum sufficient contacts with Louisiana that would justify that state exercising personal jurisdiction over them. Defendants reside and conduct all of their business in New York. Clifford approached and contracted with Defendants in New York. Therefore, because Louisiana could never have provided a forum for the present litigation, under *Standeffer* this Court cannot apply that jurisdiction's statutes of prescription.

Although should this Court elect to apply Louisiana's laws of prescription to Clifford's claim, that claim is subject to a 10-year prescription. While Defendants present that under Louisiana law, delictual and general claims for monetary damages are generally subject to a one-year term of prescription, Plaintiffs fail to mention that claims for breach of fiduciary duty in Louisiana are as a rule subject to a 10-year period. *See* La. Civ. Code Ann. art. 3499; *Duplessis Buick-GMC Truck, Inc. v. Chauncey*, 2020-0914 (La. App. 1 Cir. 2/24/21), 322 So. 3d 262, 266. Defendants, in their motion to dismiss, do not dispute that Janklow served as a fiduciary of Clifford. Therefore, to prove that Clifford's claim falls outside the scope of Article 3499, Defendants must show that her allegations encompass mere negligence or fail to indicate any "fraud, breach of trust, or an action outside the limits of the fiduciary's authority." *Beckstrom v. Parnell*, 97-1200 (La. App. 1 Cir. 11/6/98), 730 So. 2d 942, 948 ((*quoting Gerdes v. Estate of Cush*, 953 F.2d 201, 205 (5th Cir.1992)).

Under Louisiana law, "[t]he defining characteristic of a fiduciary relationship… is the relationship of confidence or trust imposed by one in another who undertakes to act primarily for

the benefit of the principal in a particular endeavor," and an agent clearly acts as fiduciary when "the business which he transacts, or the money or property which he handles, is not his own…" *Duplessis Buick-GMC Truck, Inc. v. Chauncey*. 2020-0914 (La. App. 1 Cir. 2/24/21), 322 So. 3d 262, 267. As alleged in her complaint, Clifford not only trusted and empowered Mr. Janklow to act on her behalf in negotiating the *Author Contract* but also to receive the payments to which she personally was entitled. Defendant Janklow's refusal to alert Clifford of payments to a third-party account and refusal to even speak with her when she approached him directly facilitated her robbery.[8] *See Beckstrom v. Parnell*, 97-1200 (La. App. 1 Cir. 11/6/98), 730 So. 2d 942, 952 (A "full-service broker breached his fiduciary obligation to [plaintiff] when he defaulted to performing as an 'order taker,'" rather than fully apprising plaintiff of all material facts surrounding investment transactions.). Accordingly, the correct period of prescription under Louisiana law is 10 years.

New York law and its statute of limitations is applicable here as it is the forum with the most connections and the choice of law between the parties. Nonetheless, regardless of which jurisdiction's statutes apply to the present controversy, Clifford's claim for breach of fiduciary duty is timely and the motion should be denied.

### VII. THE CLAIMS AGAINST LUCAS JANKLOW ARE NOT SUBJECT TO DISMISSAL

#### A. Breach of Contract

---

[8] Janklow's duties under Louisiana law would be onerous as a "mandatary."  Based upon Louisiana statute and case law, Janklow served not only as the fiduciary but also the "mandatary" of Plaintiffs. La. Civ. Code Ann. art. 2989 ("A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal."). Unlike mere fiduciaries, mandataries have additional duties defined by statute rather than common law. *See* La. Civ. Code Ann. arts. 3001-11. Included in these duties is an obligation to provide the principal with information. "At the request of the principal, or when the circumstances so require, the mandatary is bound to provide information and render an account of his performance of the mandate. The mandatary is bound to notify the principal, without delay, of the fulfillment of the mandate." La. Civ. Code Ann. art. 3003. By failing to apprise Clifford of his transmittal of her payments to a third-party account and later outright refusing to engage or speak with her, Janklow clearly failed in his explicit duties as a mandatary. These misdeeds go beyond a mere breach of contract and instead involve a deeper breach of Clifford's trust.

The Amended Complaint makes clear that the breach of contract claim is brought against Janklow and Nesbit. Dkt. 25 at ¶¶57-59.

### B. Breach of Fiduciary Duty

Clifford adopts all of the arguments above concerning what is necessary to plead a claim for breach of fiduciary duty and citations to the Amended Complaint demonstrating she has made the necessary allegations. Mr. Janklow's efforts to shoehorn the claim into an action for fraud and the specificity for pleading a fraud claim do not apply. Neither does his effort to once again generously describes the jury's verdict of guilty for Avenatti as exonerating Janklow. There is nothing in the verdict that exonerates Lucas Janklow. But his testimony under oath demonstrates his knowledge of his duties and obligations to Clifford and acknowledgment and awareness of his failures and liability. His testimony under oath provides ample evidence that when faced with the knowledge that his client did not receive her monies, he chose to disregard her inquiries.

Neither argument concerning Mr. Janklow's dismissal are persuasive, and the motion should be denied.

### VIII.   AVENATTI IS NOT AN INDISPENSABLE PARTY

### A. Defendants Have Failed to Establish That Fed. R. Civ. P. 19 Requires a Dismissal

Fed. R. Civ. P. 19 outlines two scenarios when joinder of a party is compulsory. *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 48 (2d Cir. 1996). *First*, joinder of a missing party is compulsory if a court cannot render complete relief among the existing parties. *Id. Second*, joinder is also compulsory if the absent party "claims an interest relating" to the action, *see Segal*, 89 F.3d at 48, and is so situated that the disposition of the action in the party's absence may impair or impede that party's ability to protect that interest. *See* Fed. R. Civ. P.19(a)(2); *Segal*, 89 F.3d. at

18

49. But if a party is unnecessary to complete relief between the parties or has not asserted a legally protected interest, "then the court need not decide whether" that non-party's absence "warrants dismissal under Rule 19(b)." *Viacom*, 212 F.3d at 724.

If a missing party is required under Rule 19(b), but joinder is not feasible, then a court must "determine whether the party is indispensable." *Viacom*, 212 F.3d at 725 (cleaned up). And "*very few cases should be terminated* due to the absence of non-diverse parties unless there has been a reasoned determination that their non-joinder *makes just resolution of the action impossible*." *Rose v. Simms*, 1995 WL 702307, at *3 (S.D.N.Y. Nov. 29, 1995) (emphasis added).

### B.  Avenatti Is Not a Necessary Party to This Action Under Fed. R. Civ. P. 19(a)(1*)

Plaintiffs have asserted independent claims against Defendants for their *own* breaches of their contractual and fiduciary duties. *See* Amend. Compl. at 5-15. Under Fed. R. Civ. P. 19(a)(1), joinder of a missing party is compulsory only if a court cannot render complete relief among the existing parties. *Segal*, 89 F.3d at 48. For most claims for monetary relief between existing parties there is no barrier to effective relief. *See E&T Skyline v. Talisman Casualty Insurance Co., LLC*, 2020 WL 6531108, at *7 ("[A]s E&T Skyline seeks only monetary damages, there is no barrier to complete relief").

An absent party is not "necessary" for Rule 19 purposes just because the parties might need to obtain evidence from him, and defendants would have to defend the absent party's actions. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188–89 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015); *see also Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983) (rejecting notion "that without the broader discovery available from [the absent] party, complete relief cannot be granted" and stating that "[w]e have found no cases

which approve of the use of rule 19 simply to allow greater discovery, and we can discern no policy which such an expansion of the rule would promote").

Finally, Defendants' potential future actions for contribution or indemnity against Avenatti do not make him a necessary party here. Defendants claim that, in the event of an adverse judgment, they make seek indemnification or contribution against Avenatti. *See* Mot'n to Dismiss, ECF. No. 29 at 33-34. Defendants also claim that a separate action might not be feasible because of statute of limitations concerns. Neither position has merit or concerns Plaintiffs' claims.

The "fact that individuals might be indemnitors does not require that they all be parties to the action." *Barclays Bank PLC v. Vena*, 1988 WL 96012, *1 (S.D.N.Y. Aug. 30, 1988); *E&T Skyline*, 2020 WL 6531108, at *8 (that absent party "may be obligated to indemnify [Defendants] if [Plaintiffs] prevail[] in this litigation . . . is not a sufficient basis for determining that a party is necessary under Rule 19(a)"). Further, the limitations period for a contribution action only starts to run when the person seeking contribution *pays* the claim. *Tedesco v. A.P. Green Indus., Inc.*, 8 N.Y.3d 243, 247 (2007).

Avenatti is not a necessary party.

## C.  Defendants Have Failed to Prove Relief Under Fed. R. Civ. P. 19(a)(1)(B)(i) or (ii)

Defendants claim that Avenatti should be joined because his absence may either impair his litigation interests or expose Defendants to inconsistent obligations. *See* Mot'n to Dismiss at 33-34 (ECF Nos. 29 &30). But all those arguments lack merit. To begin, "satisfying the second prong of Rule 19(a) *is contingent upon an initial requirement* that the absent party claim a legally protected interest relating to the subject of the action." *Segal*, 89 F.3d. at 49 (emphasis added). The movant must point to proof in the record that the absent party has asserted its own interests. *Id.*

Avenatti has not sought to intervene or otherwise claimed a legally protected interest in this case. *See Aguinaga v. UBS AG*, 2010 WL 5093433, at *10 (S.D.N.Y. Dec. 14, 2010) (absent party could not be considered required under Rule 19(a)(1)(B)(i) or (ii) based on defendant's argument when the absent party had not itself claimed an interest); *Fed. Ins. Co. v. SafeNet, Inc.*, 758 F.Supp.2d 251, 258 (S.D.N.Y. 2010) ("Rule 19 plainly requires the absentee to claim an interest in the litigation" and noting that "such a claim is conspicuously absent here.").

"Rule 19 does not protect a party from logically inconsistent results, *only inconsistent obligations*." *Evergreen Marine Corp. v. Welgrow Int'l Inc.*, 942 F. Supp. 201, 206 (S.D.N.Y. 1996) (emphasis added). To that end, "[i]nconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Safenet*, 758 F.Supp.2d at 258. The threat must be real, not merely possible. *Id.* Defendants have offered no proof that there is another action pending between Plaintiffs and Avenatti, so that undercuts their claims here. *Id.* at 260 (finding that threat of inconsistent obligations was not proved when it was "unclear how the absence of the Dismissed Defendants from this action could leave any of the existing parties unable to comply with another court order.").

In sum, if a party is either unnecessary to complete relief between the parties "then the court need not decide whether" that non-party's absence "warrants dismissal under Rule 19(b)." *Viacom*, 212 F.3d at 724. The Court should therefore deny Defendants' motion.

### D.  Defendants Have Failed to Establish That Avenatti Is an Indispensable Party

"[V]*ery few cases should be terminated* due to the absence of non-diverse parties unless there has been a reasoned determination that their non-joinder *makes just resolution of the action*

*impossible.*" *Rose*, 1995 WL 702307, at *3 (emphasis added). Generally, a Rule 19(b) analysis has four factors:

- The extent that a judgment might prejudice the absent party or existing parties;

- The extent that any prejudice can be lessened by protective provisions of the judgment, shaping the relief, or other measures

- Whether a judgment rendered while the absent party is not joined would be adequate

- Whether plaintiff would have an adequate remedy if the court dismissed the action.

*See Kips Bay Endoscopy Cntr. v. Travelers Indem. Co.*, 2015 WL 4508739, at *4 n.4 (S.D.N.Y. Jul. 24, 2015) (cleaned up). The first two factors of Rule 19(b) analysis require federal courts to consider any potential prejudice to the absent parties or the existing parties and how it can be abated. *Walpert v. Jaffrey*, 127 F. Supp. 3d 105, 120 (S.D.N.Y. 2015). And to that end, the first two factors of Rule 19(b) overlap with the "necessary party" analysis in Rule 19(a). *See Chaleplis v. Karloutsos*, 2022 WL 95691, at *16 (E.D. Pa. Jan. 10, 2022).

*Factors 1 and 2 -no prejudice to parties and Court can issue complete relief.* "There is no rule, however, that every possible defendant to a tort action is a necessary or indispensable party." *Lane v. Am. Airlines, Inc.*, 2022 WL 1062992, at *15 (E.D.N.Y. Apr. 8, 2022). The rule is the opposite. *Id.* Not every tort defendant is necessary if, as here, a court can render complete relief between the existing parties tussling over money damages. *See Chaleplis*, 2022 WL 95691, at *16 (the first two factors of Rule 19(b) overlap with the "necessary party" analysis in Rule 19(a)).

Defendants' argument that Avenatti is an indispensable party because his absence could lead to inconsistent obligations fails for three reasons. *First reason*. There is no parallel litigation between these parties or with (or against) Avenatti.

*Second reason*. There is no risk of inconsistent obligations or prejudice because Plaintiffs only seek money damages.

*Third reason*. Because Defendants have available future actions for contribution or indemnity against Avenatti, he is not an indispensable party. Defendants have made clear that they have a contingent right—and likely will seek—contribution or indemnity against Avenatti *should they lose or have to pay twice*. *See* Mot'n to Dismiss, at 33-34 (ECF Nos. 29 & 30). A defendant's right to contribution or indemnification does not render the absent party indispensable. *See Shtofmakher*, 2015 WL 5148832, at *7 n.9 ("[D]esire to seek indemnification from [a third-party] does not make [the third-party] an indispensable party.").

*Adequacy of judgment factor*. "[A]dequacy refers to the 'public stake in settling disputes by wholes, *whenever possible*.'" *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr.*, *LLC*, 525 F. Supp. 3d 482, 499 (S.D.N.Y. 2021) (emphasis added) (citations omitted). But this interest is not furthered when the threat of piecemeal litigation is merely abstract. *Id*. The possibility of later contribution litigation hinges on Plaintiffs prevailing, recovering, and then Defendants paying a judgment or settlement. *See Tedesco*, 8 N.Y.3d at 247 (contribution action accrues after payment). Thus, given all those contingencies and "the *possibility of piecemeal litigation* [being] *only theoretical*, this factor does not disfavor dismissal." *Tutor Perini*, 525 F.3d at 499 (emphasis added).

*Fourth factor – adequacy of state remedies*. Courts in this circuit have held that "although state court would be an adequate alternative venue" for most Rule 19 cases, "that single factor is not dispositive." *William A. Gross*, 2009 WL 427280, at *12. In fact, when performing a Rule 19(b) analysis, federal courts are under an "imperative to salvage jurisdiction where possible." *Universal Reinsurance*, 312 F.3d 82, 89; *Samaha v. Presbyterian Hosp.*, 757 F.2d 529, 531 (2d

23

Cir.1985) (The Second Circuit "has recognized that . . . the bare fact that a state court forum is available does not, by itself, make it appropriate to dismiss the federal action."). Given that imperative, and the lack of other parallel state litigation, this factor favors keeping the case.

Finally, Defendants rely heavily on a single case—*Barton v. Northeast Transport*, *Inc.*, 2022 WL 203593 (S.D.N.Y. Jan. 24, 2022). But *Barton* arose from a "procedural posture . . . [that] is readily distinguishable." *Kips Bay*, 2015 WL 4508739, at *4. In *Barton*, plaintiffs (New York Citizens) sued a New York defendant and another out-of-state entity. *Id.* at *7. Thus, the federal court lacked jurisdiction to proceed. *Id.* Plaintiffs asked the court to sever the local defendant under Fed. R. Civ. P. 21—who was the "primary cause of the damages at issue"—from the case. *Id.* at **7-8. In this case, there is complete diversity and neither party is asking for dismissal of a party to preserve federal jurisdiction. *Barton* is simply inapplicable.

Avenatti is neither a necessary or indispensable party to this litigation. This Court can grant the existing parties complete relief. This Court need not dismiss based on Rule 19.

## IX.     CONCLUSION

Based upon the above and foregoing argument and authorities, Defendants' Motion to Dismiss should be denied, and Plaintiffs should be accorded such other and further relief as this Court deems just and proper.

Respectfully submitted,


/s/  Guy A. Fortney
Clark O. Brewster, *Admitted Pro Hac Vice*
Guy A. Fortney, *Admitted Pro Hac Vice*
BREWSTER & DEANGELIS, PLLC
2617 East 21st Street
Tulsa, OK  74114
CBrewster@brewsterlaw.com
gfortney@brewsterlaw.com

24

Phone: (918) 742-2021
Fax:    (918) 742-2197

<u>And</u>

Michael F. Kuzow,
WESTERMANN, SHEEHY, SAMAAN
& AYDELOTT, LLP
90 Merrick Ave., Ste. 802
East Meadow, NY 11554
Phone: 516-794-7500
Fax: 516-794-1277

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

*/s/  Guy A. Fortney*

Guy A. Fortney, *Admitted Pro Hac Vice*