UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

STEPHANIE CLIFFORD A/KA STORMY DANIELS
AND STORMY ENTERTAINMENT, INC.,

                              Plaintiff,                          Case No. 1:22-cv-01259-MKV

                  -against-

JANKLOW PARTNERS, LLC D/B/A JANKLOW & NESBIT
ASSOCIATES; AND LUCAS JANKLOW,

                           Defendants.
------------------------------------------------------------------------x

## REPLY MEMORDANDUM OF LAW
## IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

June 30, 2022

                                          LANI ADLER PARTNERS LLC
                                          275 West 96th Street, Suite 15G
                                          New York, New York  10025
                                          (646) 732-3260
                                          LAdler@LaniAdlerPartners.com

                                          *Attorneys for Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

Preliminary Statement ...................................................................................................................1

Argument ........................................................................................................................................4

I.      PLAINTIFF'S HAVE NOT MET THEIR BURDEN TO SHOW THAT
        DEFENDANTS CAUSED THEIR INJURY ......................................................................4

II.     PLAINTIFFS HAVE NOT PLEADED CAUSATION FACTS SUFFICIENT
        TO MAKE OUT THE DAMAGES ELEMENT OF THEIR CLAIMS .............................5

III.    PLAINTIFFS FAIL TO REFUTE THAT THE FIDUCIARY DUTY CLAIM IS BASED
        ON THE SAME CONDUCT AND DUTIES AS THE CONTRACT CLAIM .................7

IV.     PLAINTIFFS' FIDUCIARY BREACH CLAIM IS PRECLUDED BY THE
        ECONOMIC LOSS DOCTRINE ........................................................................................8

V.      THE BREACH OF FIDUCIARY DUTY CLAIM IS UNTIMELY ...............................11

VI.     NO FACTS SUPPORT ANY CLAIM AGAINST MR. JANKLOW
        INDIVIDUALLY ............................................................................................................15

VII.    THIS CASE SHOULD BE DISMISSED UNDER RULE 19, FED. R. CIV. P. .............15

        A.      Avenatti Is A Necessary Party Because He Proximately Caused Plaintiffs'
                Loss .......................................................................................................................15

        B.      Avenatti is an Indispensable Party, Whose Joinder would Destroy Diversity
                Jurisdiction ...........................................................................................................16

Conclusion ...................................................................................................................................18

# TABLE OF AUTHORITIES

Page(s)

## Cases

*621 Two LLC v. Leggett & Platt, Inc.*,
   No. CV 20-4883, 2021 WL 4355450 (C.D.Cal. Jul. 9. 2021) .......................................... 12-13

*Am. Home Energy Inc. v. AEC Yield Capital,* LLC,
   21-CV01337, 2022 WL 595186 (E.D.N.Y. Feb. 28, 2022)......................................................7

*Anderson v. Greene*,
   No.14 Civ. 10249, 2017 WL 3503686 (S.D.N.Y. Aug. 16, 2017) ..........................................13

*Advanced Video Technologies LLC v. HTC Corp.*,
   15 Civ. 4626, 2016 WL 3434819 (S.D.N.Y. June 14, 2016)..................................................16

*Babin v. Quality Energy Servcs., Inc.*,
   877 F.3d 621 (5th Cir. 2017) ..............................................................................................14

*Barshay v. Naithani*,
   20 Civ. 8579, 2022 WL 170599 (S.D.N.Y. Jan. 18, 2022)......................................................9

*Beltran v. Capitol Records, LLC*,
   12-cv-1002, 2013 WL 968248 (N.D. Cal. Mar. 12, 2013) ....................................................13

*Bozzio v. EMI Grp. Ltd.*,
   811 F.3d 1144 (9th Cir. 2016) ..............................................................................................13

*Carter v. Healthport Techs., LLC*,
   822 F.3d 47 (2d Cir. 2016).....................................................................................................5

*Diesel Props S.r.l. v. Greystone Business Credit II LLC*,
   631 F.3d 42 (2d Cir. 2011).....................................................................................................6

*Duplessis Buick-GMC Truck, Inc. v. Chauncey,*
   322 So.3d 262 (La. Ct. App. 2021)..................................................................................14, 15

*E.E.O.C. v. Exxon Corp.*,
   1 F. Supp.2d 635 (N.D. Tex. 1998) .........................................................................................5

*Emigrant Bank v. Commonwealth Land Title Ins. Co.*,
   15-cv-7593, 2017 WL 428635 (S.D.N.Y. Sept. 26, 2017) .......................................................2

*Fratelli BVBA v. APM Music Servcs, LLC*,
   20 Civ. 6208, 2021 WL 4429418 (S.D.N.Y. Sept. 27, 2021)..................................................10

*Graham v. HSBC Mortg. Corp.*,
  No. 18-CV-4196, 2022 WL 1266209 (S.D.N.Y. Apr. 28, 2022) ...........................................15

*Harris v. Pfizer*,
  21cv6789, 2022 WL 488410 (S.D.N.Y. Feb. 16, 2022) ....................................................................7

*In re Merrill Lynch Auction Rate Secs. Lit.*,
  758 F. Supp.2d, 264 (S.D.N.Y. 2010)........................................................................................14

*Kaplin v. Buendia*,
  15 Civ. 649, 2021 WL 1947771, *1 (S.D.N.Y. 2021) ............................................................11

*Khoury Investments Inc. v. Nationwide Mut. Ins. Co*.,
  CV 13-05415, 2013 WL 12140449 (C.D. Cal. Sept. 16, 2013)...............................................13

*Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
  797 F.3d 160 (2015)........................................................................................................... 9-10

*LNC Invs., Inc. v. First Fidelity Bank, N.A.*,
  173 F.3d 454 (2d Cir. 1999)....................................................................................................6

*Mahon v. Ticor Title Ins. Co*.,
  683 F.3d 59 (2d Cir. 2012)......................................................................................................5

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Assn*.,
  439 F.Supp.3d 275 (S.D.N.Y. 2020)........................................................................................9

*Nichols v. Scott*,
  69 F.3d 1255 (5th Cir. 1995) .................................................................................................5

*Pioneer Investment Srvcs. Co. v. Brunswick Assocs. Ltd Partnership*,
  507 U.S. 380, 397 (1993)........................................................................................................7

*Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Trust Co.*,
  14-cv-10103, 2022 WL 384748 (S.D.N.Y. Feb. 8, 2022) ........................................................8

*Republic of Philippines v. Pimentel*,
  553 U.S. 851, 870 (2008)......................................................................................................17

*Rubio v. BSDB Management Inc*.,
  19-cv-11880, 2021 WL 102651 (S.D.N.Y. Jan. 12, 2021) .......................................................9

*RSL Communications PLC v. Bildirici*,
  649 F. Supp.2d 184 (S.D.N.Y. 2009)...................................................................................6, 16

*Ryan v. Aegis Specialty Ins.*,
  CV 20-1230, 2021 WL 66187653 (C.D. Cal. Nov. 1, 2021 ...................................................13

*Shtofmakher v. David,*
  14 civ. 6934, 2015 WL 5148832 (S.D.N.Y. Aug. 17, 2015) ...................................17

*Thole v. U.S. Bank, N.A.,*
  140 S.Ct. 1615 (2020) ...........................................................................................5

*U.S. v. $610,210 in U.S. Currency,*
  21 civ. 4854, 2022 WL 1125980 (S.D.N.Y. Apr. 15, 2022) ....................................7

*V& P Trading Co. v. United Charter, LLC,*
  212 Cal. App. 4th 126 (2012) ...............................................................................12

*Whitehead v. Travelers Inc. Co.,*
  No.3-20-cv-01140, 2021 WL 3130089 (D.Conn. July 23, 2021) ...........................14

*Wright v. Ernst & Young LLP,*
  152 F.3d 169 (2d Cir. 1998) ...................................................................................7

## Rules and Statutes

18 U.S.C. § 3663A ...................................................................................................3

Cal. Rev. & Tax Code § 19719 ...............................................................................13

Cal. Rev. & Tax Code §23301 .................................................................................13

CPLR 202 .................................................................................................................11

Fed. R. Civ. P. 9(b) ...............................................................................................9-10

Fed. R. Civ. P. 9(g) .................................................................................................10

Fed. R. Civ. P. 11 .................................................................................................1, 18

Fed. R. Civ. P. 12(b)(1) .............................................................................................1

Fed. R. Civ. P. 12(b)(6) .............................................................................................6

Fed. R. Civ. P. 12(b)(7) ...........................................................................................16

Fed. R. Civ. P. 19(a) ............................................................................................15-16

Fed. R. Civ. P. 19(b) ...............................................................................................16

Plaintiffs' opposition to the motion to dismiss nowhere disputes that Avenatti is responsible for the damages Plaintiffs seek to collect from Defendants – or provides any *facts*, as opposed to conclusory assertions, showing that Defendants' purported actions caused Plaintiffs any damages, let alone the direct, proximate damages required to establish standing or which make out the requisite damages element for Plaintiffs' breach of contract and breach of fiduciary duty claims.

Astoundingly, Plaintiffs conspicuously fail to even reference the *existence* of the Forged Authorization, bearing Ms. Daniels' actual signature, that Avenatti sent to Defendant.  Instead, Plaintiffs pretend it didn't exist and disingenuously try to paint their claims against an artificially blank factual background, from which Avenatti's fraud has been erased and which is at odds with Ms. Daniels' testimony during the Avenatti criminal trial.  Plaintiffs baldly insist that because "the payments were not delivered to Plaintiffs by the Defendant," JNA breached the agency agreement; and that Mr. Janklow breached fiduciary duty "by improperly redirecting the monies to Avenatti" and "divert[ing] the monies to Avenatti," Pl. Mem. 2, even though Plaintiffs do not dispute that Defendants believed the monies they timely forwarded to the Forged Account in fact went to Ms. Daniels.  *See* Rule 11, Fed. R. Civ. P.  Notwithstanding their use of intentional verbs ("improperly redirecting" and "intentionally diverting," Pl. Mem. 2, 3), Plaintiffs deny they are pleading fraud, Pl. Mem. 18, and do not (and cannot) allege scienter or any facts reflecting any intent by Defendants to defraud Plaintiffs, or that Defendants engaged in any self-dealing or in any way profited by their purportedly actionable conduct.  Nor do Plaintiffs challenge the facts that both Judge Furman and the jury determined that Avenatti defrauded Defendants, as well as Ms. Daniels, by sending Defendants the Forged Authorization and by repeatedly directing Mr. Janklow not to speak to Ms. Daniels because he, Avenatti, "was handling it," in effectuating the scheme for which Avenatti was convicted.

Absent citation to any authority, Plaintiffs erroneously contend that the obligation to plead facts reflecting causation "is not a proper challenge on a motion to dismiss," and that the materials on which Plaintiffs relied in framing the complaint, which are integral to the complaint and of which the Court may properly take judicial notice on motion challenging standing made pursuant to Rule 12(b)(1), and on a motion to dismiss under Rule 12 (6), should not be considered by the Court. Pl. Mem. 1.  Plaintiffs merely rehash their conclusory allegations and have failed to meet their affirmative burden of pleading facts sufficient to make out the traceability required to establish standing, or to adequately allege the damages element requisite to stating their breach of contract and breach of fiduciary duty claims.  Plaintiffs have not addressed the fact that Avenatti was indisputably Plaintiffs' attorney and agent, on whose statements (that he, Avenatti, was responding to Ms. Daniels' communications to Mr. Janklow), directions and forwarding of the Forged Authorization Defendants could therefore reasonably rely.  "A principal is bound by notice to or knowledge of his agent in all matters within the scope of his agency even though the information may never have been communicated to the principal." *Emigrant Bank v. Commonwealth Land Title Ins. Co*., 15-cv-7593, 2017 WL 428635, *7 (S.D.N.Y. Sept. 26, 2017).  Plaintiffs not only ignore the basic tenets of agency in trying to hide the fact that Avenatti was their agent during the time he took the money at issue, but mislead the Court in mischaracterizing Avenatti as a "third-party," Pl. Mem. 3, and the Forged Account as a "third-party account." *Id*. 17.

That it was Avenatti -- and not Defendants -- who caused the damages Plaintiffs seek to recover in this action is demonstrated by the restitution order entered by Judge Furman as a component of his sentencing of Avenatti on June 2, 2022, two weeks after Defendants filed their initial set of moving papers, which requires Avenatti to make restitution to Ms. Daniels in the

exact amount of the third book advance payment, pursuant to 18 U.S.C. §3663A.  Reply Affirmation of Lani A. Adler, dated June 30, 2022 ("Adler Reply Aff."), Ex. A at 54:19-22, and 49:2-18.  At the sentencing, Judge Furman noted that it was Avenatti who "abuse[d] a position of trust and breach[ed] the highest duty that a lawyer owes to his client, the duty of loyalty, . . . by brazenly stealing from Ms. Daniels, then lying to her face …." ) *Id.* 49:14-18. [1]

Under 18 U.S.C. § 3663A, the Mandatory Victims Restitution Act of 1996 ("the MVRA"), "the requirements of direct and proximate causation . . .are necessary conditions for restitution under the MVRA – not sufficient ones." *U.S. v. Maynard*, 743 F.3d 374, 379 (2d Cir. 2014).[2]  Because "the 'primary purpose of the MVRA is to make victims of crime whole: to compensate these victims for their losses and to restore them to their original state of well-being,'" *Yalincak*, 30 F.4th at 121, the MVRA requires the district court to "'order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.'"  *Id.* (internal citations omitted). "[T]he goal of the [MVRA] is to provide crime victims with full compensation, but not with a windfall." *Id.* at 122.  No facts are alleged here – nor could there be – showing that JNA or Mr. Janklow were joint tortfeasors with Avenatti or conspired or engaged in concerted action with Avenatti, or that any of the alleged conduct of Defendants was the intervening cause of Ms. Daniels' harm.[3]  *Cf. id.* at 122-123.  *See U.S. v. Hastings*, 1:20-cr-534, 2022 WL 1785579, *10-

---

[1] At the sentencing, the Government stated: "The only reason that Mr. Avenatti was able to get away with a, frankly, somewhat cockamamie scheme for such a long time is because Ms. Daniels trusted him. She absolutely believed he was working for her and that he would not lie to her. And so did Mr. Janklow and Ms. Beier, who were also working with Ms. Daniels. And they trusted Mr. Avenatti because of his personal relationship with Ms. Daniels but also because he's an attorney." Adler Reply Aff. Ex. A at 20:5-12. Judge Furman adopted this view in the sentence. *Id.* 49:19-24; 50:4-8.

[2] "Because federal courts have no 'inherent power to order restitution,' a 'sentencing court's power to order restitution . . . .depends upon, and is necessarily circumscribed by, statute.'" *U.S. v. Yalincak,* 30 F.4th 115, 121 (2d Cir. Mar. 29, 2022) (internal citation omitted).

[3] Any such allegations, and there are none in the Amended Complaint, would be inconsistent with the undisputed facts that it was JNA who informed Ms. Daniels that it had timely made the book advance payments to the Forged

11 (S.D.N.Y. May 31, 2022) (if another party's actions proximately caused victim's losses, then restitution cannot be imposed upon a different party for those same losses).  Necessarily, then, Judge Furman's MVRA restitution order establishes that the damages Ms. Daniels seeks to collect from Defendants in this action were directly and proximately caused by Avenatti – not by Defendants. *See Hastings, id.*

When Clark Brewster, counsel for Plaintiffs in this action, spoke at the Avenatti sentencing on behalf of Ms. Daniels, he admitted that "Mr. Avenatti engaged in a series of deceit, lies, scheming, not just lying to Ms. Daniels, but to others, and, ultimately, to disguise this theft and embezzlement.  He had to turn on her and make the others that she'd be communicating with, the publishing company and the agent, believe that she was incredible when she called or to not take her calls." Adler Reply Aff. Ex. A at 42:24-24, 43:1-4, 42:5-8.  Plaintiffs' counsel acknowledged not only that the actionable conduct here was Avenatti's, not Defendants', but also that Avenatti's lies to Defendants were part of his scheme [4] -- yet now Plaintiffs take the opposite and wholly unsupported position that Defendants were aware, when they made the payments at issue, that Avenatti was lying and that the Forged Account was forged.[5]

**Argument**

## I.   PLAINTIFF'S HAVE NOT MET THEIR BURDEN TO SHOW THAT DEFENDANTS CAUSED THEIR INJURY

To overcome Defendants' fact-based challenge to Article III standing, Plaintiffs have an affirmative burden to come forward with evidence showing that the injury for which they seek

---

Account; and that once JNA learned that the Forged Account was forged, it contacted Ms. Daniels for instructions as to where to send the fourth book advance payment.

[4] At the Avenatti sentencing, Mr. Brewster additionally stated, on behalf of Plaintiffs, that Avenatti "went into a series of lies to third parties and also disparagement of her to make sure that she won't be believed."  Adler Reply Aff. Ex. A at 42:5-8.

[5] The baselessness of this position is highlighted by the fact that Plaintiffs deny they are asserting any fraud claim.  Pl. Mem. 18.

recovery was caused by Defendants.  *Thole v. U.S. Bank, N.A.*, 140 S.Ct. 1615, 1618 (2020);

*Carter v. Healthport Techs*., LLC, 822 F.3d 47, 57 (2d Cir. 2016); Defs. Mem. 9-10.  However,

Plaintiffs argue the "the factual challenge on causation is not at issue for purposes of determining

whether this court has jurisdiction," Pl. Mem. 5, in flagrant disregard of the requirement that

"[d]emonstrating that the defendant's allegedly unlawful conduct caused injury to the plaintiff

himself is . . . an essential component of Article III standing."  *Mahon v. Ticor Title Ins. Co*., 683

F.3d 59, 62 (2d Cir. 2012).  Citing only an inapposite Fifth Circuit case concerning whether one

criminal defendant's capital conviction based on his guilty plea collaterally estopped the criminal

trial of another individual who conspired with him, *Nichols v. Scott,* 69 F.3d 1255, 1270-71(5th

Cir. 1995); Pl. Mem. at 7, which was held limited to the question of whether judicial estoppel

could be applied to the Government in a subsequent criminal prosecution, *E.E.O.C. v. Exxon*

*Corp*., 1 F. Supp.2d 635, 646 (N.D. Tex. 1998), for the proposition that an injury may have more

than one cause, Plaintiffs miss the point – and never address the absence of any facts here

showing how Defendants caused the loss, Avenatti's theft of the third book payment, for which

Plaintiffs now sue.  Where, as here, Plaintiff's injuries "'result from the independent action of

some third party not before the court,'" traceability is not made out and the case is properly

dismissed for lack of jurisdiction.  *Somosky v. Consumer Data Industry Assn*., 1:20-cv-04387,

2022 WL 596480,*3-4 (S.D.N.Y. Feb. 28, 2022).

## II.     PLAINTIFFS HAVE NOT PLEADED CAUSATION FACTS SUFFICIENT TO MAKE OUT THE DAMAGES ELEMENT OF THEIR CLAIMS

Although Plaintiffs admit that the Court should not "credit conclusory allegations or legal

conclusions couched as factual allegations," Pl. Mem. 8, they fail to provide any facts to show

that the damages Plaintiffs seek to recover, in each of their two causes of action, were "directly

and proximately caused by" Defendants.[6]  Tellingly, Plaintiffs do not specify what factual allegations they contend make out proximate cause for the damages element requisite to stating their claims for breach of contract and for breach of fiduciary duty – because there are none.  *See* Pl. Mem. 8-10.  Instead, Plaintiffs baldly assert that this is "not at issue on a motion to dismiss." *Id*. 8.  Plaintiffs apparently seek to avoid pleading damages by conflating the absence of any facts linking damages to the Defendants' alleged breaches with the question of whether a fiduciary relationship existed, in claiming "the existence of a fiduciary relationship is a factual question." Pl. Mem. 9-10.  The existence of a fiduciary relationship is a separate element than the damages element required to state a claim for breach of fiduciary duty. Regardless of the fiduciary relationship element of this claim, Plaintiffs have not met their affirmative burden to plead facts showing that Defendants' conduct proximately and directly caused the damages necessary to stating Plaintiffs' claims for breach of contract and breach of fiduciary duty, or that Mr. Janklow knowingly breached any fiduciary duty to Ms. Daniels.

Further, though Plaintiffs suggest, as part of the breach of fiduciary duty claim, that Mr. Janklow acted actionably in not responding to Ms. Daniels' communications to him, Pl. Mem. 11, nowhere do Plaintiffs even address the facts that Mr. Janklow indisputably relied on the directions of Avenatti, who was Plaintiffs' attorney and agent, *see Carter v. Healthport*, 822 F.3d at 58 ("the relationship between a lawyer and client is one of agent and principal"), and who, at the very least, had apparent authority to act for them. *Chevron Corp. v. Salazar*, 275 F.R.D. 422,

---

[6] *See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 53 (2d Cir. 2011) ("'Causation is an essential element of damages in a breach of contract action; and, as in tort, a plaintiff must prove that a defendant's breach directly and *proximately caused* his or her damages.' Recovery is not allowed if the claimed losses are 'the result of other intervening causes.' ") (internal citations omitted); *LNC Invs., Inc. v. First Fidelity Bank, N.A.*, 173 F.3d 454, 465 (2d Cir. 1999) ("[W]here damages are sought for breach of fiduciary duty under New York law, the plaintiff must demonstrate that the defendant's conduct proximately caused injury in order to establish liability."); *RSL Communics. PLC v. Bildirici*, 649 F.Supp.2d 184, 208-210 (S.D.N.Y. 2009) (Plaintiff must plead that the alleged breach of fiduciary duty was the "but for" cause of the damage, and also that it constituted proximate causation.) (internal citations omitted); Defs. Mem. 19-23.

426 & n.20 (S.D.N.Y. 2011).  As Avenatti's principals, therefore, Plaintiffs are "considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Pioneer Investment Srvcs. Co. v. Brunswick Assocs. Ltd Partnership*, 507 U.S. 380, 397 (1993) (internal citation omitted); *U.S. v. $610,210 in U.S. Currency,* 21 civ. 4854, 2022 WL 1125980,*6 (S.D.N.Y. Apr. 15, 2022).  That Mr. Janklow did not disclose to Plaintiffs that, in Plaintiff's conclusory words, he "knowingly concealed that he was diverting monies to Michael Avenatti without [Ms. Daniels'] knowledge or consent," Am. Compl. ¶70, which Plaintiffs allege was a fiduciary breach, *id*., Pl. Mem. 11, cannot support a claim for tort damages because there was no duty to disclose facts of which Mr. Janklow was not aware – like the fact that the Forged Authorization was forged. *See Harris v. Pfizer*, 21cv6789, 2022 WL 488410,* 6 (S.D.N.Y. Feb. 16, 2022).

## III.  PLAINTIFFS FAIL TO REFUTE THAT THE FIDUCIARY DUTY CLAIM IS BASED ON THE SAME CONDUCT AND DUTIES AS THE CONTRACT CLAIM

Plaintiffs have not refuted that the breach of fiduciary duty claim is duplicative of the contract claim.  Plaintiffs claim that because the breach of fiduciary claim is brought only by Ms. Daniels and is based on Mr. Janklow's actions, as "agent for Stephanie Clifford," Pl. Mem. 10, and purports to state a claim only against Mr. Janklow, it is not duplicative of the breach of contract claim, which, Plaintiffs assert, is based on the Retainer Agreement between JNA and Stormy Entertainment, Inc. *Id*.[7] That meaningless distinction elevates form over substance.  Mr. Janklow's agent role existed only as a consequence of the agency JNA undertook pursuant to the Retainer Agreement, which Mr. Janklow signed on behalf of JNA – not on behalf of himself individually, and as to which Plaintiffs argue that Ms. Daniels was a third-party beneficiary.  Pl.

---

[7] Notwithstanding Plaintiff's effort to use their opposition brief to read this supposed distinction into the Amended Complaint, in the Demand for Relief, both Plaintiffs seek judgment against both Defendants for both the contract and fiduciary breach claims.  Plaintiffs may not supplement their complaint or amend their pleading through statements in an opposition brief. *Am. Home Energy Inc. v. AEC Yield Capital LLC*, 21-cv-1337, 2022 WL 595186,*10 (E.D.N.Y. Feb. 28, 2022); *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998).

Mem. 13.  Plaintiffs admit that the gist of the contract claim is that JNA "diverted the funds to Avenatti at the direction of Lucas Janklow. . . He was able to do so by virtue of his position at Janklow and Nesbit." Pl. Mem. 10.  Plaintiffs then concede that the same "diversion" of funds to Avenatti is what identically constitutes the breach of fiduciary duty: "Lucas Janklow, the acknowledged agent for Stephanie Clifford, directed that the monies be sent to him, intercepted the funds, and redirected them to Michael Avenatti without her authorization or approval." *Id*. 11.  There is no substantive difference between the conduct that Plaintiffs assert constitutes the core of each of the two claims, and nowhere have Plaintiffs identified any duty that Mr. Janklow had to either Plaintiff which existed independently of or was different than the duties he and JNA owed those plaintiffs under the Retainer Agreement.[8]

## IV.   Plaintiffs' Fiduciary Breach Claim is Precluded By the Economic Loss Doctrine

Nor can Plaintiffs circumvent the economic loss doctrine, under which "'a tort action for economic loss will not lie where the parties' relationship is governed by an express contract.'" *Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Trust Co.,* 14-cv-10103, 2022 WL 384748,*30 (S.D.N.Y. Feb. 8, 2022) (internal citation omitted).  Indeed, Plaintiffs expressly allege that they "seek judgment against the Defendants for damages for breach of fiduciary duty *in the form of economic loss* and emotional distress, all in excess of $75,000." Am Compl. Demand for Relief (b) (emphasis added).  Nor have Plaintiffs specified the breach of any duty independent of the duties that Defendants had to Plaintiffs under the Retainer Agreement and/or the Publishing Agreement.  *See Phoenix Light*, 2022 WL 384748,*31 ("Courts in this district have been particularly skeptical of attempts to label duties as "extra contractual' as a means to 'avoid the

---

[8] *See also* Pl. Mem. 14 (Plaintiffs argue that claim for breach of fiduciary duty should be timely only under New York limitations period – in contravention of the New York borrowing statute – because "[t]he Parties to this controversy negotiated and formed the agency contract in New York, and *Defendants acted on behalf of Plaintiffs as an agent* within New York.").

economic loss doctrine.'") (internal citation omitted)).  Here, because the purported breach of fiduciary duty injury and the manner in which that injury occurred arise entirely, and are alleged to arise entirely, from the obligations incurred under the Retainer Agreement and the Publishing Agreement, the breach of fiduciary claim is barred by the economic loss doctrine. *See Barshay v. Naithani*, 20 Civ. 8579, 2022 WL 170599,*9 (S.D.N.Y. Jan. 18, 2022); *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Assn.*, 439 F.Supp.3d 275, 283-284 (S.D.N.Y. 2020).  *See also Phoenix Light*, 2022 WL 384748,*30 (in assessing "whether tort claims arise out of a 'legal duty independent of contractual relationships,'" court should consider "'the nature of the injury, how the injury occurred and the harm it caused.'" (internal citation omitted).  Where, as here, the "'plaintiff is essentially seeking enforcement of the bargain, the action should proceed under a contract theory.'" *Id*. (internal citation omitted); *see Barshay*, 2022 WL 170599, *9.

There is no allegation that either Defendant acted in its or his self-interest with respect to Ms. Daniels; the breach of fiduciary duty allegation is that Mr. Janklow did not disburse the monies to Ms. Daniels, Am. Compl.¶¶65, 69—the identical allegation Plaintiffs allege to constitute a breach of the Retainer Agreement, *id.*¶58; and that he did not "make truthful and complete disclosures" to her by "knowingly conceal[ing] that he was diverting monies to Michael Avenatti without her knowledge." *Id.*¶70.[9]  The latter appears to be a recast version of the former in fraud clothing – except that Plaintiffs have not pleaded the elements of fraud, or any facts supporting fraud much less pleaded them with the specificity required by Rule 9(b), Fed. R. Civ. P.[10] For that reason, independently, and regardless of the fact that Plaintiffs insist it

---

[9]One must wonder how, as Plaintiffs' counsel and Judge Furman recognized, Mr. Janklow could have concealed that he was "diverting monies to Avenatti" when, in Mr. Janklow's and JNA's indisputable reliance on the Forged Authorization, Mr. Janklow did not know that the two book advance payments at issue went to Avenatti, rather than to Ms. Daniels. *See* Mr. Brewster's statements at the Avenatti sentencing, quoted on page 4, *supra*.

[10] To plead a fraud claim under New York law, the plaintiff must allege five elements: "(1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." *Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797

is not premised on fraud, the breach of fiduciary duty claim should be dismissed because it lacks the particularity required by Rule 9(b).  *Rubio v. BSDB Management Inc.*, 19-cv-11880, 2021 WL 102651,*4-5 (S.D.N.Y. Jan. 12, 2021) (where "the gravamen" of breach of fiduciary duty is based on fraudulent misconduct, Rule 9(b) applies)).

Apparently to obscure their failure to address the requirement that the damages for emotional distress that Plaintiffs seek, in addition to those for economic loss, for breach of fiduciary duty must be pleaded with the specificity required by Rule 9(g), Fed. R. Civ. P., Plaintiffs attempt to lump their allegation of entitlement to damages for emotional distress together with that for punitive damages. Pl. Mem.12.  However, doing so does not cure Plaintiffs' pleading deficiencies.  As set forth in the case Plaintiffs rely upon, *Wrap-N-Pack, Inc. v. Kaye*, 528 F. Supp. 119 (E.D.N.Y. 2007), (cited Pl. Mem.12), punitive damages are available for a breach of fiduciary duty only if a) the plaintiff has alleged a violation of a duty independent of the contract, *id*. at 124-125; and b) where the allegations establish a "very high threshold of moral culpability," such as where an employee diverts assets to a secretly created competitive organization based on an employee's exploitation of confidential information for his own benefit. *Id*. at 125-127. Neither is alleged in the amended complaint.[11]

Further, contrary to Plaintiffs' assertion that they need not allege conduct directed at the public to plead their entitlement to punitive damages, where, as here, the "fiduciary duty claim

---

F.3d 160, 170 (2015).  Among other things to meet the requirement of Rule 9(b) for pleading the circumstances constituting fraud with particularity, a plaintiff must "allege facts that give rise to a strong inference of fraudulent intent." *Id*.  Plaintiffs admit they have not alleged facts to support these elements or any that give rise to a strong inference of the requisite fraudulent intent. Pl. Mem. 18 ("Mr. Janklow's efforts to shoehorn the [breach of fiduciary duty]claim into an action for fraud and the specificity for pleading a fraud claim do not apply.")

[11] *See also Fratelli BVBA v. APM Music Servcs, LLC*, 20 Civ. 6208, 2021 WL 4429418,* (S.D.N.Y. Sept. 27, 2021) (a general request for punitive damages is not enough to differentiate the damages recoverable for tort from those sought for breach of contract); *Tradeshift v. Smucker Srvcs. Co*., 20 cv 3661, 2021 WL 4463109,*9-10 (S.D.N.Y. Sept. 29, 2021) (punitive damages remedy struck where independent tort was inadequately alleged and no facts were alleged which showed that party's "conduct was sufficiently egregious to merit punitive damages").

has its genesis in the parties' contractual relationship;" "it is the contract that imposes fiduciary duties on" the Defendant; and the conduct underlying the breach of fiduciary duty claim is the same conduct as alleged to underlie the breach of contract claim, an allegation of fact showing public harm *is* required for punitive damages. *Kaplin v. Buendia*, 15 Civ. 649, 2021 WL 1947771, *1 (S.D.N.Y. 2021). None is alleged here.

## V.     THE BREACH OF FIDUCIARY DUTY CLAIM IS UNTIMELY

Absent any authority, Plaintiffs erroneously insist that only the New York limitations period governs the breach of fiduciary duty claim. Pl. Mem. 14.  Plaintiffs ignore both the New York borrowing statute, CPLR 202, and New York's long-established law that the action accrues at the place of injury, where the economic impact is felt. Defs. Mem. 28.  Although Plaintiffs now suggest that the breach of fiduciary duty claim is brought only by Ms. Daniels, who they concede is domiciled in Louisiana, Pl. Mem. 10, 14, the Demand for Relief states that *both* Plaintiffs seek judgment against *both* defendants on this claim.  In any event, the claim for breach of fiduciary duty is barred under the applicable one year Louisiana limitations period; and also under the New York and California limitations periods, because the statute of limitations was not tolled during the time Stormy Entertainment, Inc.'s corporate rights and privileges were suspended.  According to documents filed by Plaintiffs' counsel on June 20, 2022, the corporate rights and privileges of Stormy Entertainment, Inc. were not reinstated until June 17, 2022. ECF 35.[12]  While Plaintiffs have purportedly cured the corporate status suspension of Stormy Entertainment, Inc., that fact does not rescue the fiduciary breach claim from untimeliness.

The parties to the Retainer Agreement were JNA and Stormy Entertainment, Inc.  Mr.

---

[12]The corporate rights and privileges of Stormy Entertainment, Inc., were suspended on Dec. 1, 2016, for failure to file and pay taxes, before according to Counsel, they were reinstated on June 17, 2022.  Defs. Mem. at 26, ECF 30; Adler Aff. Exs. J, K, L, ECF 31 .

Janklow signed that agreement on behalf of JNA, not in his individual capacity, Defs. Mem. 4;

Adler Aff. Ex. N; and Ms. Daniels signed it on behalf of Stormy Entertainment. *Id***.**  The duties

Mr. Janklow is alleged to have breached flowed exclusively from this agreement, which

explicitly named Michael Avenatti as the agent for Stormy Entertainment, Inc. Ms. Daniels'

capacity to sue Mr. Janklow for breach of the duties Plaintiffs allege he owed her as her agent

necessarily flows from the Retainer Agreement, in which Stormy Entertainment, Inc. retained

JNA to be its agent for Ms. Daniels' book, and the Publishing Agreement, which named JNA as

the agent for Ms. Daniels' book, and which Ms. Daniels also signed.  Ms. Daniels' ability to sue

for breach of the fiduciary duties she alleges Mr. Janklow had to her necessarily is based on  her

arguable status as the third-party beneficiary of the Retainer Agreement. Pl. Mem. 13-14.  Since

Plaintiffs admit that Stormy Entertainment Inc. was a California corporation, under the New

York borrowing statute, Ms. Daniels' fiduciary breach claim had to be timely under the

California statute of limitations as well as that of Louisiana, where Ms. Daniels is domiciled, and

of New York.  Plaintiffs do not dispute that the fiduciary breach claim accrued (if at all) on

February 19, 2019.  Defs. Mem. 29.  *See* Am. Compl.¶51.

The California statute of limitations is either three years for breach of fiduciary duty,

"where the gravamen of the claim is deceit," or two years if the claim is one for professional

negligence. Defs. Mem.17.  Plaintiffs commenced this action on February 15, 2022. ECF No. 1.

Under the two year California limitations period, the statute had long expired and the fiduciary

breach claim was untimely.  If the three year California period is applied, the fiduciary breach

claim is still untimely, because the corporate rights and privileges of Stormy Entertainment, Inc.

were suspended and were not reinstated until June 17, 2022, after the three year period lapsed on

February 19, 2022. *621 Two LLC v. Leggett & Platt, Inc*., CV 20-4883, 2021 WL 4355450,*4,

(C.D. Cal. July 9, 2021); *V& P Trading Co. v. United Charter, LLC*, 212 Cal. App. 4th 126, 1342 (2012) (limitations period is not tolled while a corporation's corporate powers are suspended; action is barred if the limitations period expired before the plaintiff's corporate powers are revived). Because Ms. Daniels' right to bring the fiduciary breach claim depended on her status as the third-party beneficiary of Stormy Entertainment, she is likewise barred under the California statute of limitations. *See Ryan v. Aegis Specialty Ins.,* CV 20-1230, 2021 WL 66187653, *3 (C.D. Cal. Nov. 1, 2021; *Beltran v. Capitol Records, LLC*, 12-cv-1002, 2013 WL 968248,* 3-5 (N.D. Cal. Mar. 12, 2013).[13] The sole case on which Plaintiff relies for the proposition that Ms. Daniels could sue notwithstanding Stormy Entertainment's suspension, *Bozzio v. EMI Grp. Ltd.*, 811 F.3d 1144 (9th Cir. 2016), Pl. Mem. 13, has been subsequently rejected by several California state courts, and does not apply where, like here, the third-party's claim is not independent of the contract between the corporation and the defendants. *Bozzio* does not address the statute of limitations, which all of the cases agree is not tolled prior to the corporation's reinstatement. *See Ryan, id; Beltran, id.*

The same result occurs under New York's three year limitations period, which is the law that Plaintiffs contend should, alone, be applied to determining the timeliness of the fiduciary breach claim. Pl. Mem. 14. *See Anderson v. Greene*, No. 14 Civ. 10249, 2017 WL 3503686,*12-13 (S.D.N.Y. Aug. 16, 2017) (three year limitations period applies to claim for breach of fiduciary duty where not based on fraud and plaintiff seeks monetary damages rather than equitable relief).

---

[13] *See also Khoury Investments Inc. v. Nationwide Mut. Ins. Co.*, CV 13-05415, 2013 WL 12140449,*3-4 (C.D. Cal. Sept. 16, 2013) (purpose of the suspension statute, Section 23301 of the California Revenue & Tax Code "'is to induce the corporation to pay its taxes' . . . Allowing an individual to exercise a corporation's rights while it is suspended would undermine the purpose of suspension under Section 23301.") (internal citation omitted); Cal. Rev. & Tax Code § 19719 (making it a misdemeanor for "[a]ny person [to] attempt[] or purport[] to exercise the powers, rights, and privileges of a corporation that has been suspended pursuant to Section 23301 . . . ").

In any event, independent of her third-party status, Ms. Daniels' fiduciary breach claim is untimely under the one year Louisiana limitations period. Though Plaintiffs baldly state that the ten year Louisiana limitations period applies, Pl. Mem.16-17, Plaintiffs omit to point out that "Louisiana courts do not apply the ten-year statute of limitations to all breach of fiduciary duty claims." *Babin v. Quality Energy Servcs., Inc*., 877 F.3d 621, 626 (5th Cir. 2017). Thus, "a fiduciary's breach of fiduciary duty is contractual if it arises 'from the breach of a special obligation between the parties' and delictual if it arises from the violation of a general duty." *Babin*, 877 F.3d at 626. If the former, the limitations period is ten years; and if the latter, it is one year. *Id.* Here, if the breach of fiduciary duty is contractual, then it is precluded as duplicative – Plaintiffs cannot have it both ways. Moreover, Plaintiffs effectively admit that the fiduciary breach claim is delictual and for violation of a general duty in insisting that the breach of fiduciary duty claim "'springs from extraneous circumstances, not constituting elements of the contract as such although connected with and dependent upon it, and born of that wider range of legal duty which is due from every man to his fellow, to respect his rights of property and reason, and refrain from invading them by force or fraud.'" Pl. Mem. 10 (internal case citation omitted). While in Louisiana "a fiduciary's deliberate offenses (like fraud) are personal actions subject to the ten year prescriptive period and simple negligence is a delictual offense subject to the one-year period," *Babin,* 877 F.3d at 626,[14] here Plaintiffs have affirmatively taken the position that the fiduciary breach claim is not based on fraud, Pl. Mem.18, as distinguished from the case on which Plaintiffs rely in arguing for a ten year period. *See Duplessis Buick-GMC Truck, Inc. v.*

---

[14] *See Whitehead v. Travelers Inc. Co.*, No.3-20-cv-01140, 2021 WL 3130089,*7-8 (D.Conn. July 23, 2021) (Louisiana has one year period of limitations for delictual actions; " '[t]he notion of delictual liability includes: intentional misconduct, negligence, abuse of right, and liability without negligence.'") (*quoting Lawrence v. Ctr. Properties, LLC*, 846 F.App'x 254,256 (5th Cir. 2021) (check). *See also In re Merrill Lynch Auction Rate Secs. Lit.,* 758 F. Supp.2d, 264, 276 (S.D.N.Y. 2010) (under Louisiana law, one year limitations period for delictual actions applies to "actions sounding in tort.")

*Chauncey,* 322 So.3d 262, 268 (La. Ct. App. 2021) (Pl. Mem. 16).[15]

Since Plaintiffs assert that Ms. Daniels is the sole plaintiff with respect to the breach of fiduciary duty claim, Pl. Mem. 10, the claim for breach of fiduciary duty had to have been brought within one year of February 19, 2019. A plaintiff fails to state a claim where the claim is barred by the statute of limitation, especially where this can be gleaned from "the face of the complaint and related documents." *Graham v. HSBC Mortg. Corp.,* No. 18-CV-4196, 2022 WL 1266209,* 5 (S.D.N.Y. Apr. 28, 2022). The Amended Complaint alleges that Ms. Daniels learned, on Feb. 19, 2019, that the two book advance payments about which she complains were sent to the Forged Account. Am.Compl.¶51. Accordingly, the Court, can determine from the face of the Amended Complaint that the fiduciary duty claim is untimely under Louisiana law, as well as under the law of California and New York.

## VI.    NO FACTS SUPPORT ANY CLAIM AGAINST MR. JANKLOW INDIVIDUALLY

Plaintiffs have failed to address the law cited in Defendants' moving brief stating that an individual defendant can be liable for a breach of fiduciary duty claim only for those damages he caused as an individual and not in his capacity while acting for the corporation. *RSL Communics.,* 649 F.Supp.2d at 210; Defs. Mem.31-32. If the plaintiff does not allege facts sufficient to show that the individual defendant's actions, rather than the actions of the corporate entity on whose behalf the individual acted, directly and proximately caused plaintiff's loss, the claim should be dismissed. *Id.* There is no such allegation here.

## VII.    THIS CASE SHOULD BE DISMISSED UNDER RULE 19, FED. R. CIV. P.

A.    Avenatti Is A Necessary Party Because He Proximately Caused Plaintiffs' Loss

---

[15] In *Duplessis,* the complaint alleges that the defendant "breached his fiduciary duty to [plaintiff] by intentionally engaging in, and concealing, a fraudulent scheme which deprived Duplessis of its property and profits for [defendant's] own personal gain." *Id.*

Under Rule 19(a), a party must be joined when the absence of that party subjects an existing party to the action to a substantial risk of incurring double obligations.  Plaintiffs do not dispute that JNA paid the amount of the third book payment advance which Plaintiffs seek to recover to the Forged Account or that, as he has admitted, unknown to Defendants at the time, Avenatti took that payment for his own use from that account.[16]  Here, Plaintiffs demand that or JNA to pay that amount a second time, therefore subjecting JNA and Mr. Janklow, existing parties in this action, to the substantial risk of incurring a double obligation.  Alternatively, as discussed at pages 3-4, *supra,* because Judge Furman necessarily determined that Avenatti was the proximate cause of Plaintiffs' loss in sentencing Avenatti to restitution, Avenatti is a necessary party under Rule 19(a) -- since the Court cannot accord complete relief among the existing parties absent Avenatti. *Baldwin v. Interscope Records, Inc*., 19-cv-08923, 2021 WL 847946,*5 (S.D.N.Y. Mar. 4, 2021).  None of the cases cited by Plaintiffs in arguing that Avenatti is not a necessary party involve an analogous setting in which the party proposed to be joined *had already been adjudicated to be responsible for the very loss at issue.*

B.      Avenatti is an Indispensable Party, Whose Joinder would Destroy Diversity Jurisdiction

Plaintiffs do not dispute that Avenatti is a citizen of California, whose joinder would destroy diversity jurisdiction.[17]  Instead, Plaintiffs blatantly ignore the underlying facts in analyzing the four factors in Rule 19(b):  First, obviously a judgment rendered in Avenatti's absence will prejudice JNA – since it may have to pay twice. Plaintiffs transparently seek to have a second jury find that JNA and Mr. Janklow proximately caused the precise loss that the Avenatti criminal jury, and Judge Furman, in sentencing Avenatti to make restitution, have

---

[16] A motion to dismiss under Rule 19 is made pursuant to Rule 12(b)(7), Fed. R. Civ. P. "It is a 'generally accepted principle that the court is not limited to the pleadings on a Rule 12(b)(7) motion.'" *Advanced Video Technologies LLC v. HTC Corp*., 15 Civ. 4626, 2016 WL 3434819,* (S.D.N.Y. June 14, 2016) (internal citation omitted).

[17] Diversity jurisdiction is the only basis of jurisdiction Plaintiffs allege.

already determined that Avenatti proximately and directly caused.  No facts are alleged which suggest that JNA or Mr. Janklow were joint tortfeasors or conspired with Avenatti in defrauding Ms. Daniels. For these reasons, it is not possible for the Court to craft a judgment in Avenatti's absence which could diminish this prejudice to Defendants' interests.  With respect to the third factor, courts are to consider the "social interest in the efficient administration of justice and the avoidance of multiple litigation*." Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008). If Plaintiffs were to prevail in this action, absent Avenatti, more litigation would follow to address the inconsistent determination of causation and damages, and likely to allocate the comparative extent of any liability between JNA, Avenatti and possibly others.  Permitting this case to go forward, then, "would increase, rather than decrease, the likelihood of multiple litigations." *Baldwin*, 2021 WL 84797,*6.  Finally, because Judge Furman has ordered restitution, *Plaintiffs already have an adequate remedy* – from Avenatti, the wrongdoer who proximately and directly caused their loss.[18]  Dismissal of this case will not prevent Plaintiffs from recovering the amount they seek here; they have already been provided that remedy, and indeed, that recovery, in Judge Furman's restitution order.  Accordingly, this Court, "in equity and good conscience," Rule 19(b), should not permit this case to proceed.

## Conclusion

Plaintiffs' remedy is with Avenatti, who caused the loss Plaintiffs seek to recover here. Judge Furman has already ordered Avenatti to make restitution to Ms. Daniels for this loss; and in doing so, he necessarily found that Avenatti was the direct and proximate cause of it.

---

[18] As distinguished from the cases on which Plaintiffs rely in arguing that the possibility that Defendants would seek indemnification from Avenatti for any judgment rendered against them in this case does not make Avenatti an indispensable party, **here Avenatti has already been adjudicated to be entirely responsible for the loss Plaintiffs seek to recover from Defendants.** *Cf. Shtofmakher v. David,*14 civ. 6934, 2015 WL 5148832 n. 9 (S.D.N.Y. Aug. 17, 2015) (cited Pl. Mem. 23).

Plaintiffs' effort here to hold Defendants responsible for the identical loss is misplaced.

Notwithstanding the disingenuous wordsmithing in the Amended Complaint concerning

Defendants' purported "diversion" of the monies they paid to the Forged Account, they too were

defrauded by Avenatti and properly relied on his directions, as the Plaintiffs' attorney and agent,

with respect to communicating to Ms. Daniels.  For all of the foregoing reasons and those set

forth in Defendants' moving papers, this action should be dismissed.[19]

Dated: New York, New York
      June 30, 2022

                                          LANI ADLER PARTNERS LLC

                                          /s/Lani A. Adler
                                          Lani A. Adler
                                          275 West 96th Street, Suite 15G
                                          New York, New York  10025
                                          (646) 732-3260
                                          LAdler@LaniAdlerPartners.com

                                          *Attorneys for Defendants Janklow Partners,*
                                          *LLC d/b/a Janklow & Nesbit Associates, and*
                                          *Lucas Janklow*

---

[19] Defendants reserve all rights with respect to applying for relief pursuant to Rule 11, Fed. R. Civ. P.