# LANI ADLER PARTNERS

(646) 732-3260 ♦ ladler@laniadlerpartners.com

**By ECF**                                                                                                                    September 27, 2022

Honorable Mary Kay Vyskocil, United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007
VyskocilNYSDChambers@nysd.uscourts.gov

>*Stephanie Clifford A.K.A. Stormy Daniels, and Stormy Entertainment, Inc. v. Lucas Janklow and Janklow Partners, LLC d/b/a Janklow & Nesbit Associates,* Case No. 1:22-cv-01259-MKV

Dear Judge Vyskocil:

This firm represents the Defendants in the above-captioned action, in which Plaintiffs have sued Defendants for breach of contract and breach of fiduciary duty to recover the amount of a book advance payment that Defendants, literary agents, sent to the bank account as to which Michael Avenatti, who was then Plaintiffs' attorney, sent Defendants a forged authorization, bearing the signature of Ms. Daniels, which Avenatti had had cut and pasted onto it. Defendants understood that Ms. Daniels had designated this bank account as the one into which they should make the book advance payment at issue, and, accordingly, timely transferred the book advance payment at issue into this bank account. That Defendants did not know that Avenatti had forged Ms. Daniels' signature on the account authorization document is not in dispute.

As set forth in Defendants' papers in support of their motion to dismiss the complaint, for lack of standing and failure to state a claim, among other grounds, Mr. Avenatti was convicted in a jury trial before Judge Furman on February 4, 2022, of aggravated identity theft and wire fraud, in providing the false authorization, which bore the signature of Plaintiff Ms. Daniels, to Defendants, directing them to send this book payment advance to the bank account, from which Mr. Avenatti, admittedly, then took the funds. *U.S. v. Avenatti*, No. 1:19-cv-00374-JMF. Defendants' motion, which is pending, was fully briefed on June 30, 2022.

Mr. Avenatti was sentenced by Judge Furman on June 2, 2022, after Defendants' initial set of moving papers were filed on May 20, 2022, but before Defendants' reply papers were filed on June 30, 2022.

Defendants pointed out in their reply papers in further support of the motion to dismiss, that, among other things, Judge Furman sentenced Avenatti to make restitution to Ms. Daniels pursuant to 18 U.SC. § 3663A, the Mandatory Victims Restitution Act of 1996, which provides that the victim is to receive "full compensation" "in the full amount of each victim's losses as determined by the court . . . ." Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss, dated June 30, 2022, ECF No. 38, at 3 (*quoting U.S. v. Yalincak*, 30 F.4th 115, 121-122 (2d Cir. Mar. 29, 2022)).

Hon. Mary Kay Vyskocil
September 27, 2022
Page 2

      I write to make the Court aware that last Friday, September 23, 2022, the Court ordered Avenatti to make restitution to Ms. Daniels ahead of another corporate victim, to whom Avenatti had also been ordered to make restitution in a different case, unrelated to the case involving Ms. Daniels. A copy of this restitution order is attached. The amount of restitution Judge Furman ordered Avenatti to make to Ms. Daniels, as set forth in this September 23, 2022 order, is the amount of the third book payment – which is the amount that Ms. Daniels and her corporate entity, who are the plaintiffs in the civil case in this Court, seek to recover from defendants in the instant action. The order entered by Judge Furman last week further reinforces Defendants' argument in their motion to dismiss that Avenatti, and not the Defendants in the instant action, was solely responsible for Plaintiff's loss of the book advance payment – and that Plaintiffs' remedy for their loss of this book advance payment is with Avenatti, not with the defendants in this action.

Respectfully submitted,

/s/Lani A. Adler

Lani A. Adler

cc:    Clark Brewster, Esq. (by ECF)
        Guy Fortney, Esq. (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA  ~~Proposed~~
  Order of Restitution
  v.

MICHAEL AVENATTI  19 CR. 374 (JMF)

Upon the application of the United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Matthew Podolsky, Robert Sobelman, and Andrew Rohrbach, Assistant United States Attorneys, of counsel; the presentence report; the Defendant's conviction on Counts One and Two of the above-referenced Indictment; and all other proceedings in this case, it is hereby ORDERED that:

1. **Amount of Restitution**

MICHAEL AVENATTI, the Defendant, shall pay restitution in the total amount of $148,750, pursuant to 18 U.S.C. §§ 3663, 3663A, to the victim of the offenses charged in Counts One and Two. The name, address, and specific amount owed to the victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

   A. **Joint and Several Liability**

Restitution is not joint and several with other defendants or with others not named herein.

   B. **Priority Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victim identified in the Schedule of Victims, attached hereto as Schedule A.

2020.01.09

Payments made by the defendant shall be distributed to the individual victim in this case prior to any payments made to NIKE, Inc., toward the restitution order in *United States v. Michael Aveniatti*, 19 Cr. 373 (PGG), Dkt. No. 376. Pursuant to 18 U.S.C. § 3771(a)(5), counsel for the United States has conferred with the corporate victim in 19 Cr. 373 (PGG), which has consented to prioritizing the payment to individuals before corporations.

2. **Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the Defendant; and any financial obligations of the Defendant; including obligations to dependents, the Defendant shall pay restitution in the manner and according to the schedule that follows:

While serving the term of imprisonment, the Defendant shall make installment payments toward his restitution obligation. If the defendant is engaged in a BOP non-UNICOR work program, he shall pay $25 per quarter toward restitution. If the defendant participates in the UNICOR program as Grade 1 through 4, he shall pay fifty percent of his UNICOR earnings toward the criminal financial penalties consistent with a Bureau of Prisons Inmate Financial Responsibility Plan (IFRP). *See* 28 C.F.R. § 545.11. BOP staff shall help the Defendant develop a financial plan and shall monitor the inmate's progress in meeting his restitution obligation. Any unpaid amount remaining upon release from prison will be paid in installments of fifteen percent of the Defendant's gross monthly income on the 1st of each month, commencing thirty days after release from prison.

3. **Payment Instructions**

The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash. Checks and money orders shall be made payable to the

2

"SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The Defendant shall write his/her name and the docket number of this case on each check or money order. Credit card payments must be made in person at the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed. For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

4. **Additional Provisions**

The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k). If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

5. **Restitution Liability**

The Defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

6. **<u>Sealing</u>**

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used or disclosed by the Government, the Clerk's Office, and the Probation Department, as need be to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_____  September 22, 2022
HONORABLE JESSE M. FURMAN     DATE
UNITED STATES DISTRICT JUDGE

The Clerk of Court is directed to terminate Docket No. 450.

## EXHIBIT A- SCHEDULE OF VICTIMS

[REDACTED]